UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                        )
GETRONICSWANG CO., LLC,                 )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   CIVIL ACTION NO.
                                        )
HYNIX SEMICONDUCTOR, INC.,              )   COMPLAINT
SAMSUNG ELECTRONICS CO.,                )   AND
LTD.                                    )   DEMAND FOR JURY TRIAL
                                        )
        Defendants                      )
                                        )
                                        )
```

## Introduction

This action arises out of certain licensing agreements entered into by Defendants or their predecessors in the early 1990's, pursuant to which Defendants or their predecessors became obligated to make royalty payments in U.S. Dollars to Wang Laboratories, Inc. ("Wang"), the predecessor of Plaintiff, GetronicsWang Co., LLC ("Getronics"). Defendants and/or their predecessors in interest improperly withheld a portion of the royalty payments and paid those sums over to the Korean taxing authorities. Getronics now brings this action to recover, among other things, the full amount of the royalty payments, plus interest, and attorneys' fees and costs to which Getronics is entitled under the licensing agreements.

## Jurisdiction and Venue

1. Subject matter jurisdiction over this action is conferred by 28 U.S.C. §1332 in as much as there is diversity of citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

2. Venue is proper in the District of Massachusetts, pursuant to 28 U.S.C. §1391(d) because the Defendants are alien corporations.

## The Parties

3. The Plaintiff, Getronics, is a Delaware limited liability company with its principal place of business at 290 Concord Road, Billerica, Massachusetts 01821. Getronics is the successor in interest to Wang.

4. The Defendant, Samsung Electronics Co., Ltd ("Samsung"), is a Korean corporation with its principal place of business in Seoul, Korea.

5. The Defendant, Hynix Semiconductor, Inc. ("Hynix"), is a Korean corporation with its principal place of business in Seoul, Korea. It was formerly known as Hyundai Semiconductor, Ltd. ("Hyundai") and is the successor in interest by acquisition to Goldstar Electron Co., Ltd. ("Goldstar"), the original parties in interest. Defendants Samsung and Hynix are hereinafter referred to as the "Korean Companies".

## Allegations Common to All Counts

6. In 1991, Wang was the holder of a series of patents on SIMM's. SIMM's are a variety of memory modules that enhance the data storage capability of personal computers. In 1991, Wang successfully enforced these patents, and thereafter entered into a series of licensing agreements with a number of companies, including the Defendants or their predecessors in interest (the "Licensing Agreements"). Among other things, the Licensing Agreements obligated the Defendants or their predecessors in interest to make royalty payments to Wang based in large part on sales into the United States.

7. On April 12, 1992, Wang entered into a Licensing Agreement with Goldstar (the "Goldstar Agreement").

8. On June 21, 1993, Wang entered into a Licensing Agreement with Hyundai (the "Hyundai Agreement").

9. On February 17, 1992, Wang entered into a Licensing Agreement with Samsung (the "Samsung Agreement").

10. Shortly after entering into the Licensing Agreements, Hyundai, Goldstar and Samsung began making royalty payments to Wang. Each Korean company, however, withheld from its payments to Wang an amount which they paid the Korean taxing authorities, notwithstanding their being advised by Wang that no tax needed to be withheld, because no Korean tax was due on the royalty payments as the royalties were based on American source income.

11. From 1992 to approximately sometime in 1996, the Korean Companies in the aggregate withheld in excess of $1.8 million, which was paid to the Korean tax authorities in Korean currency, the Won.

12. In 1996, consistent with its position that no tax needed to be withheld by the Korean Companies and in an effort to collect the full amounts due under the Licensing Agreements as a result of the Korean Companies' improper withholding, Wang made a so-called Competent Authority ("Competent Authority") request with the United States Internal Revenue Service. A Competent Authority Proceeding is an administrative and diplomatic proceeding that can be utilized by an American taxpayer to request the taxing authorities of two (or more) countries to determine which taxing authority is the appropriate authority to tax a taxpayer's income or property.

13. In 2002, the Competent Authority request was concluded in favor of Wang, which by this time had become Getronics. The response to the Competent Authority request, the

conclusion of which is attached hereto as Exhibit A, concluded that Korea did not have the right to tax the royalty payments because the royalty payments were based on American source income. As a result of the Competent Authority request, the Korean tax authorities refunded the amounts earlier withheld to the Korean Companies or their successors in interest.

14. Following the refund to the Korean Companies, the Korean Companies paid over to Getronics the equivalent in U.S. Dollars of the amount in Korean Won refunded to them by the Korean tax authorities.

15. Because the Won had deteriorated in value against the Dollar between the time the amounts had been improperly withheld by the Korean Companies and the time the refund was made by the Korean tax authorities, the amount of the refund was worth significantly less in U.S. Dollars at the time of the refund than it was at the time the amount was withheld by the Korean Companies.

16. The Licensing Agreements contemplated that the Korean Companies would bear the risk of currency exchange rate fluctuation. Each agreement requires the royalty payments to be made in U.S. Dollars calculated at the exchange rate in existence on the last day of the period for which the royalty payment is calculated. Thus, the royalty obligation of the Korean Companies to Getronics is fixed in U.S. Dollars; the payment by the Korean Companies of the amounts refunded by the Korean tax authorities, as a result of the fluctuation in exchange rates, resulted in payment of an amount substantially less than the royalty payment originally owed to Wang by the Korean Companies by approximately $475,000 (the "Royalty Shortfall Claim").

17. Each of the Licensing Agreements also provided that the Korean Companies were to pay interest on any payments that were not made when originally due. In the case of the Goldstar and Samsung Agreements, the interest rate is 1% per month; in the case of the Hyundai

Agreement, the interest rate is 1.5% per month. The Korean Companies owe Getronics interest as a result of these provisions, not only on the amount refunded by the Korean tax authorities and paid over to Getronics for the period from the time of withholding to the time of payment to Getronics, but also on the amount of the Royalty Shortfall Claim for the period from the time of withholding to the time of payment of the judgment in this matter.

18. The Korean Companies' performance obligations under the License Agreements were not excused because no Korean taxes were due on the royalty payments.

19. Under the Licensing Agreements, Getronics is entitled to recover its attorneys' fees and costs incurred in successfully enforcing the Licensing Agreements and collecting amounts due under it.

20. Getronics has made demand upon each of the Korean Companies for payment of the Royalty Shortfall Claim, but the Korean Companies have failed to pay the amount demanded.

## COUNT I
## Breach of Contract

21. Getronics repeats and realleges the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

22. The Korean Companies' actions and conduct, as described above, including without limitation their failure and refusal to pay the Royalty Shortfall Claim, constitute a breach of their contractual obligations under the Licensing Agreements to make the full amount of required royalty payments.

23. As a result of the Korean Companies' breach of their contractual obligations under the Licensing Agreements, Getronics has suffered damages and will continue to suffer damages for which the Korean Companies are liable, which damages include, without limitation,

the Royalty Shortfall Claim and all costs, including accounting-related costs, incurred by Getronics in connection with the Competent Authority proceeding.

24.   Getronics is also entitled, among other things, to recover interest and its attorneys' fees incurred in connection with the Competent Authority proceeding and this action.

## COUNT II
### Breach of the Duty of Good Faith and Fair Dealing

25.   Getronics repeats and realleges the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

26.   The Korean Companies' actions and conduct, as described above, including without limitation their failure and refusal to make the required royalty payments to make Getronics whole, constitute a breach of their duty of good faith and fair dealing with respect to their performance under the Licensing Agreements.

27.   As a result of the Korean Companies' breach of the duty of good faith and fair dealing, Getronics has suffered damages and will continue to suffer damages for which the Korean Companies are liable, which damages include, without limitation, the Royalty Shortfall Claim and all costs, including accounting-related costs, incurred by Getronics in connection with the Competent Authority proceeding.

WHEREFORE, Getronics respectfully prays that this Court:

A.   Enter judgment in favor of plaintiff on all Counts of its Complaint;

B.   Award plaintiff damages as determined at trial, plus interest;

C.   Award plaintiff its attorneys' fees and costs of this litigation and the Competent Authority proceeding; and

D.   Grant plaintiff such other and further relief as may be just and proper.

**JURY DEMAND**

PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY
OF ALL ISSUES AND CLAIMS SO TRIABLE.

                                      Respectfully submitted,
                                      GETRONICSWANG CO., LLC
                                      By Its Attorneys,
                                      SHEEHAN PHINNEY BASS + GREEN, P.A.

Dated: *November 10*, 2004        By: _Maria E. Recalde_
                                                    Maria E. Recalde, BBO #552831
                                                    260 Franklin Street, Suite 1901
                                                    Boston, MA 02110
                                                    (617) 897-5620

OF COUNSEL:

Michael C. Harvell, Esq.*
James P. Harris, Esq.*
Sheehan, Phinney, Bass + Green, PA
1000 Elm Street
PO Box 3701
Manchester, NH 03105-3701
(603) 668-0300

*Subject to admission *pro hac vice*



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

LARGE AND MID-SIZE
BUSINESS DIVISION

OCT 16 2002

Robert D. Simon   303 296 2323
Principal              382 7607
707 Seventeenth Street
Suite 2300
Denver, CO 80202

Reply Reference: LM:IN:T:4:JN

Case Reference: 1996-342-A

Dear Mr. Simon:

This letter will finalize our consideration of the competent authority request filed by Wang Laboratories, Inc.("Wang") for the years 1992 to present. The request arose as a result of Korean withholding taxes imposed on royalty payments due from various Korean companies on account of licensing agreements those companies had with Wang.

We have reached a mutual agreement that the Korean National Tax Service ("NTS") will refund to the withholding agents 100% of the taxes previously withheld, on the basis that all amounts due to Wang under the licensing agreements are sourced in the United States. Wang will need to make its own arrangements directly with the Korean withholding agents for purposes of having each one remit the proper amount to Wang.

The implementation of this determination with the NTS requires re-determination of Wang's creditable tax and foreign source income under section 901 subject to the limitations of section 904, for all years affected. This re-determination applies solely to payments received under the licensing agreements in question.

The Communications, Technology and Media Industry of the Large and Mid-Size Business Division has been advised to implement this competent authority determination which is applicable to the tax years at issue but is not binding on subsequent tax years. We now consider this case closed.

Sincerely,

Carol A. Dunahoo
Director, International



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

LARGE AND MID-SIZE
BUSINESS DIVISION

OCT 1 6 2002

INTERNAL REVENUE SERV
EXAMINATION GROUP 15

OCT 2 9 2002

LMSB DIVISION

MEMORANDUM FOR INDUSTRY DIRECTOR
COMMUNICATIONS, TECHNOLOGY AND MEDIA

ATTN:   International Territory Manager

FROM:   Carol A. Dunahoo
        Director, International

SUBJECT:   Resolution of Competent Authority Case # 96-342-A

U.S. Entity: Wang Laboratories, Inc.
600 Technology Park Drive
Billerica, MA 01821-4130
EIN: 04-2192707
Tax Year: 1992 to Present

We have concluded our discussions with Korea concerning a competent authority request filed by Wang Laboratories, Inc. (Wang) for the taxable years 1992 to present. The request related to Korean income tax withheld by various withholding agents in Korea on account of royalty payments made to Wang pursuant to licensing agreements between Wang and the Korean withholding agents. Additional details are outlined below.

**Background and Issue:** Wang entered licensing agreements with LG Semicon, Samsung Electronics and Hyundai Electronics (the Korean withholding agents) pursuant to which the withholding agents paid royalties to Wang in return for the use of Wang patent technology. Since the Korean tax authorities considered all royalties as 100% sourced in Korea, all payments were subjected to withholding taxes. From May 1992 through January 1997, $1,854,013 in Korean income taxes had been withheld. Wang filed a request for U.S. competent authority assistance in an effort to reduce the portion of royalty payments considered to be sourced in Korea, and in order to prevent double taxation of its royalty income.

**Determination and Disposition:** We have reached mutual agreement with the Korean National Tax Service (NTS) regarding the treatment of royalties paid to Wang from 1992 to present. The NTS has agreed that none of the royalties will be considered as Korean sourced. Accordingly, the NTS will refund all of the withholdings to the Korean withholding agents. It will be the responsibility of Wang to determine and collect these refunds directly from the withholding agents.

Regarding the mutual agreement with Korea, please determine the creditable tax and foreign source income under section 901 subject to the limitations of section 904. This determination is made solely as to payments received under the licensing agreements in question and should not be viewed as determinative of source for other types of income or the creditability of other taxes for this or any other taxpayer.

This disposition is not binding on subsequent years. For your information, we are attaching a copy of our closing letter to the taxpayer. If you have any questions, please contact Ms. Tina Masuda, Manager, Tax Treaty Group 4, at 202-874-1369.

Attachment

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)_____

   GetronicsWang Co., LLC v. Samsung Electronics Co., Ltd.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Not applicable

   04-12382 RCL

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒  NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐  NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Maria E. Recalde, Esq.
ADDRESS Sheehan Phinney Bass + Green, PA, 260 Franklin St., Boston, MA 02110
TELEPHONE NO.    (617) 897-5620

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
GetronicsWang Co., LLC
290 Concord Road
Billerica, Massachusetts  01821

**DEFENDANTS**
Samsung Electronics Co., Ltd. AND
Hynix Semiconductor, Inc.

(b) County of Residence of First Listed Plaintiff __Middlesex County__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _(see Reverse for addresses_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Maria E. Recalde    (617) 897-5620
Sheehan Phinney Bass + Green, PA
260 Franklin Street, Boston, MA  02110

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act / ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 790 Other Labor Litigation / ☐ 540 Mandamus & Other | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 791 Empl. Ret. Inc. Security Act / ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332, Breach of Contract of Royalty Agreements

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   N/A   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  November 10, 2004

SIGNATURE OF ATTORNEY OF RECORD  /s/ Maria E. Recalde   Maria E. Recalde, Esq.

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____