UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GETRONICSWANG CO., LLC,

          Plaintiff,

v.

HYNIX SEMICONDUCTOR, INC. and
SAMSUNG ELECTRONICS CO., LTD.

          Defendants.

Civil Action No. 04-12382 (RCL)

## ANSWER

Defendant  Hynix Semiconductor, Inc. ("Hynix") answers the Complaint of GetronicsWang Co., LLC ("Getronics") (the "Complaint") as follows:

### Introduction

No answer is required to the allegations contained in the paragraph headed "Introduction", which merely purports to characterize the action and the claims brought by Getronics.  To the extent that the paragraph headed "Introduction" is deemed to contain allegations of fact to which a response is required, Hynix denies such allegations insofar as those allegations are directed at Hynix. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

### Jurisdiction and Venue

1.      No answer is required to the allegations contained in paragraph 1 of the Complaint, which merely purport to state a legal conclusion.

2.      No answer is required to the allegations contained in paragraph 2 of the Complaint, which merely purport to state a legal conclusion.

**Parties**

3.      Hynix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Hynix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Hynix denies the allegations contained in paragraph 5 of the Complaint, except that Hynix admits that it is a Korean corporation with a place of business in Seoul, Korea and that it is the successor in interest by acquisition to Goldstar Electron Co., Ltd.

**Allegations Common to All Counts**

6.      Hynix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except that Hynix admits that in 1991 Wang was the holder of a series of patents on SIMMS and that SIMMS are a variety of memory modules that enhance the data storage capability of personal computers.  Answering further, Hynix states that any Licensing Agreements entered into between Hynix or its predecessor in interest and Getronics or its predecessor in interest speak for themselves. Hynix further states that it is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

7.      Answering the allegation contained in paragraph 7 of the Complaint, Hynix states that Goldstar signed a Licensing Agreement with Wang on April 9, 1992.

8.      Hynix admits the allegation contained in paragraph 8 of the Complaint.

9.      Hynix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, which are directed against a party other than Hynix.

10.    Hynix denies the allegations contained in paragraph 10 of the Complaint insofar as those allegations are directed at Hynix, except that Hynix admits that after entering into Licensing Agreements, Hyundai and Goldstar began making royalty payments to Wang and that Hyundai and Goldstar withheld from those payments an amount they had been directed to pay and did pay to the Korean tax authorities. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

11.    Hynix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except that Hynix admits that from 1992 to 1996 it withheld from the royalty payments taxes it had been directed to pay to the Korean tax authorities in Korean currency. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

12.    Hynix denies the allegations contained in paragraph 12 of the Complaint to the extent that they allege that no tax needed to be withheld by Hynix and that Hynix paid less than the full amount due under Licensing Agreements as a result of improper withholding. Hynix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13.    Answering paragraph 13, Hynix admits that the response to the Competent Authority request was received in 2002 and that, as a result of that response, the Korean tax authorities refunded to Hynix and its predecessor in interest amounts earlier withheld by Hynix and paid to the Korean tax authorities. Answering further, Hynix states that the document attached as Exhibit A to the Complaint speaks for itself. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

14.    Hynix admits the allegations contained in paragraph 14 of the Complaint insofar as those allegations are directed at Hynix. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

15.    Hynix denies the allegations contained in paragraph 15 of the Complaint insofar as those allegations are directed at Hynix, except that Hynix admits that it paid over to Getronics the equivalent in U.S. Dollars of the entire amount it received from the Korean tax authorities at the time of the refund. Hynix further admits that because of the deterioration of the Won against the Dollar, the amount of money received from the tax authorities and paid over by Hynix to Getronics after the determination by the Competent Authority was worth less in U.S. Dollars at the time of the payment to Getronics than it had been at the time of the payment to the tax authorities. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

16.    Hynix denies the allegations contained in paragraph 16 of the Complaint insofar as those allegations are directed at Hynix, except that Hynix states that to the extent the allegations in paragraph 16 purport to characterize or describe the meaning and requirements of Licensing Agreements between Hynix or its predecessor in interest and Getronics or its predecessor in interest, those Agreements speak for themselves.  Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

17.    Hynix denies the allegations contained in paragraph 17 of the Complaint insofar as those allegations are directed at Hynix, except that Hynix states that to the extent the allegations in paragraph 17 purport to characterize or describe the meaning and requirements of Licensing Agreements between Hynix or its predecessor in interest and Getronics or its

predecessor in interest, those Agreements speak for themselves. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix

18.    Hynix denies the allegations contained in paragraph 18 of the Complaint insofar as those allegations are directed at Hynix. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

19.    Hynix denies the allegations contained in paragraph 19 of the Complaint insofar as those allegations are directed at Hynix.  Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

20.    Hynix denies the allegations contained in paragraph 20 of the Complaint insofar as those allegations are directed at Hynix, except that Hynix admits it has not paid the amounts demanded by Getronics, because no such amounts are due.  Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

## COUNT I
### Breach of Contract

21.    Hynix repeats and incoporates by reference its responses to the allegations contained in paragraphs 1 through 20 of the Complaint as if fully restated herein.

22.    Hynix denies the allegations contained in paragraph 22 of the Complaint insofar as those allegations are directed at Hynix. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

23.    Hynix denies the allegations contained in paragraph 23 of the Complaint insofar as those allegations are directed at Hynix. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

24.     Hynix denies the allegations contained in paragraph 24 of the Complaint insofar as those allegations are directed at Hynix. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

## COUNT II
## Breach of the Duty of Good Faith and Fair Dealing

25.     Hynix repeats and incoporates by reference its responses to the allegations contained in paragraphs 1 through 24 of the Complaint as if fully restated herein.

26.     Hynix denies the allegations contained in paragraph 26 of the Complaint insofar as those allegations are directed at Hynix. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

27.     Hynix denies the allegations contained in paragraph 27 of the Complaint insofar as those allegations are directed at Hynix. Hynix is without knowledge or information sufficient to form a belief as to the truth of allegations directed against a party other than Hynix.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Getronics' claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Getronics' claims are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Getronics, through its actions and/or omissions, has contributed to its own alleged losses and is otherwise estopped from asserting its claims against Hynix.

## FIFTH AFFIRMATIVE DEFENSE

Getronics' contract allegations fail for lack of consideration.

## SIXTH AFFIRMATIVE DEFENSE

Hynix hereby gives notice that it intends to rely on any other defense that may become available or appear during discovery in this case and reserves its right to amend its Answer to assert any such defenses.

WHEREFORE, Hynix respectfully requests that the Court:

1.    Dismiss the Complaint with prejudice; and

2.    Award Hynix its costs and fees, including attorneys' fees, incurred in defending this action.

HYNIX SEMICONDUCTOR, INC

By its attorneys,


*/s/  Robert P. Sherman*
Robert P. Sherman (BBO# 458540)
Gordon M. Jones, III (BBO #549016)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110-2131
(617) 345-1000

Dated:  March 30, 2005