UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GETRONICSWANG CO., LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR, INC.,<br>SAMSUNG ELECTRONICS CO.,<br>LTD.<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-12382(RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATEMENT SUBMITTED PURSUANT TO F.R.C.P. 26(f)**
**AND LOCAL RULE 16.1**

Plaintiff and Defendants hereby submit this Joint Statement in accordance with F.R.C.P. 26(f) and Local Rule 16.1.

**Summary of Parties' Positions**

(a)    Plaintiff's Position.  The Royalty Agreements entered into by Plaintiff and Defendants require Defendants to bear the risk of loss due to currency exchange rate fluctuation between the time payments were due under the Royalty Agreements and the time Defendants actually paid over to Plaintiff amounts that had been withheld by them for Korean tax payments and ultimately proved not to be due.  Plaintiff is entitled to damages from Defendants in the amount of the currency exchange rate fluctuation (approximately $475,000), interest on the repayments that were made by Defendants and the currency exchange rate fluctuation  (in excess of $2,200,000), and its attorneys' fees.

(b)    Defendants' Position  As a preliminary matter, the Royalty Agreements that were signed by the two Defendants differed from one another in ways that may be relevant to the

issues raised in this litigation and it is incorrect to assume, as Plaintiff appears to do, that the same analysis necessarily applies in all respects to both agreements. Nevertheless, contrary to Plaintiff's assertion, neither of the Royalty Agreements made any explicit allocation of the risk of loss due to currency exchange rate fluctuation. It is therefore necessary to look to other language in the Royalty Agreements to determine the obligations of the parties with respect to the payments at issue. It is clear from such an analysis that Defendants were required to make all payments in United States Dollars. From 1992 to 1996, the Defendants, in accordance with the requirements of the Korean National Tax Service ("KNTS"), and in accordance with their obligations under the Royalty Agreements, withheld taxes from the royalty payments they made to Plaintiff and paid them to the KNTS. In 2002, as a result of a proceeding initiated by the Plaintiff, the Internal Revenue Service and the KNTS reached a mutual understanding with regard to the taxes. The taxing authorities did not find that the taxes had been wrongly withheld. They did agree, however, that the taxes should be refunded. The Defendants forwarded the refunded amounts they received in Won from the KNTS to Plaintiff in Dollars, calculated at the then-current exchange rate. The Defendants paid to Plaintiff the entire amount they received from the KNTS and therefore acted simply as a pass-through for the payment of those amounts. Defendants thereby fulfilled their obligations under the Royalty Agreements and are not liable to Plaintiff for any damages or interest.

### **Proposed Agenda for Scheduling Conference**

The Plaintiff proposes that the agenda for June 8, 2005 scheduling conference include a discussion of the following topics:

1. Case status.

2. Proposed discovery plan.

3. Proposed schedule for filing of motions, including dispositive motions.

4. Settlement.

## Proposed Discovery Plan

| Event | Date |
| --- | --- |
| Initial disclosures and document exchange | Served by June 22, 2005 |
| Expert Disclosures by each party | September 15, 2005 |
| Disclosure of Experts in Response | October 15, 2005 |
| Completion of Discovery | November 15, 2005 |
| Any Motion for Summary Judgment | January 20, 2006 |

## Motions

All dispositive motions to be filed by no later than 65 days after the close of discovery as delineated above.

## Pretrial Conference and Trial

It is the parties' intention to litigate the issues in this case by Motions for Summary Judgment. If those Motion are denied, trial schedule will be set after denial.

## Certifications

The certifications required by Local Rule 16.1(D)(3) are attached hereto or will be filed separately on or before the day of the scheduling conference.

**Mediation and Trial by Magistrate**

The parties do not consent to trial by Magistrate

| Plaintiff, | Defendants |
|---|---|
| **GETRONICSWANG CO., LLC** | **HYNIX SEMICONDUCTOR, INC** |
| By its attorneys, | **SAMSUNG ELECTRONICS CO., LTD.** |
| | By their attorneys, |

/s/ Michael C. Harvell                            /s/ Robert P. Sherman
Maria Recalde, (BBO# 552831)          Robert P. Sherman (BBO# 458540)
Michael C. Harvell (Pro Hac Vice)      Gordon M. Jones, III (BBO# 549016)
SHEEHAN PHINNEY BASS +            NIXON PEABODY LLP
GREEN, PA                                          100 Summer Street
260 Franklin Street, Suite 1901            Boston, MA 02110-2131
Boston, MA 02110                               (617) 345-1000
(617) 897-5620


Dated: June 1, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GETRONICSWANG CO., LLC, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | CIVIL ACTION NO. 04-12382(RCL) |
| HYNIX SEMICONDUCTOR, INC., SAMSUNG ELECTRONICS CO., LTD. | ) ) ) ) |  |
| Defendants | ) ) ) |  |

## LOCAL RULE 16.1(D)(3) CERTIFICATION

      This is to certify that David O'Rourke, Deputy General Counsel, GetronicsWang Co., LLC, ("Getronics") is the authorized representative of Getronics and he and his counsel have conferred:

      a)    with a view to establishing a budget for the costs of conducting the full course and various alternative courses of this litigation; and

      b)    to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Plaintiff,

**GETRONICSWANG CO., LLC**
By its attorneys,


/s/ Michael C. Harvell
Michael C. Harvell (Pro Hac Vice)
Maria Recalde, (BBO# 552831)
SHEEHAN PHINNEY BASS +
GREEN, PA
260 Franklin Street, Suite 1901
Boston, MA 02110-2131



/s/ David O'Rourke
David O'Rourke, Deputy General Counsel
GetronicsWang Co., LLC

Dated: June 1, 2005