## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| GETRONICSWANG CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-12382(RCL) |
| | ) | |
| HYNIX SEMICONDUCTOR, INC., | ) | |
| SAMSUNG ELECTRONICS CO., | ) | |
| LTD. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

### PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

NOW COMES Plaintiff, GetronicsWang Co., LLC ("Getronics"), by and through its attorneys, Sheehan Phinney Bass + Green, P.A., and submits the following objection to Defendants' motion for a protective order to preclude Getronics from deposing Defendants pursuant to Fed. R. Civ. P. 30 (b) (6).  In support thereof, Getronics states as follows:

### ARGUMENT

Defendants argue that Plaintiff should be prohibited from taking depositions of Defendants pursuant to Fed. R. Civ. P. 30 (b) (6) (hereinafter "Rule 30 (b) (6)"). Defendants argue that they are entitled to a protective order because no person at the corporations has personal knowledge sufficient to respond to Plaintiff's inquiries.  In the context of Rule 30 (b) (6) depositions, lack of personal knowledge is not a sufficient

reason to preclude depositions, because the <u>corporation</u> is the deponent. Even if the corporate designees lack personal knowledge, Defendants are required to educate someone to speak on behalf of their respective corporations. Moreover, Defendants minimize the substantive value to Plaintiffs from taking Rule 30 (b) (6) depositions. Getronics is entitled to explore Defendants' positions on issues relevant to the case, and Getronics is free to do so by way of depositions.

The fundamental flaw in Defendants' motion for a protective order is that they ignore their duty to educate designees to articulate the positions of their respective corporations. The fact that a designee may not have personal knowledge of a topic is not a sufficient reason to preclude Plaintiff from taking a deposition. See Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation."); ABA Civil Discovery Standards (Aug. 1999) § 19 (f) ("Counsel for the corporation should prepare the designated witness to be able to provide meaningful information about any designated area(a) of inquiry."). Getronics is entitled to inquire as to Defendants' positions on issues pertaining to the case. For example, Getronics may inquire as to Defendants' interpretation and understanding of the license agreements as it relates to payment of the withholding tax. Getronics is entitled to explore by deposition Defendants' stance on this and other issues.

The case of Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33 (D. Mass. 2001), disposes of Defendants' motion for a protective order. In

<u>Fabiano</u>, the plaintiffs properly noticed a Rule 30 (b) (6) deposition for Fabiano Shoe Company ("Fabiano").[1]  Fabiano's designees testified only as to their personal knowledge and did not review documents necessary to prepare them to explain the company's position at deposition.  First, the Court reiterated the recognized principle that corporate designees have an affirmative obligation to educate themselves as to the matters regarding the corporation.  <u>Id</u>. at 36.  The Court then rejected Fabiano's excuse that no one possessed personal knowledge:  "A company does not fulfill its obligations at the Rule 30 (b) (6) deposition by stating that it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available . . ."  <u>Id</u>. (quoting <u>United States v. Taylor</u>, 166 F.R.D. 356, 362 (M.D.N.C. 1996)).  Even if Defendants' two affiants lack personal knowledge, Defendants have an affirmative obligation to educate designees who will speak on behalf of the company.

In this case, Defendants also argue that they have produced all responsive documents and their designees have no information to offer beyond the text of the available documents.  The <u>Fabiano</u> Court rejected that argument as well, because corporate designees are obligated to review all documentation and prepare so they could testify as to the corporation's interpretation of the documents.  <u>Id</u>. at 37.  The <u>Fabiano</u> defendants argued that they could not testify because several key documents, such as tax returns, were not drafted by them.  The <u>Fabiano</u> Court rejected such an argument because the documents were reasonably available and in the control of Fabiano, so their designees could review them and prepare to testify on behalf of the corporation.  <u>Id</u>. at 39.  <u>See also</u> <u>PPM Finance, Inc. v. Norandal USA, Inc.</u>, 297 F.Supp.2d 1072, 1085-86 (N.D. Ill. 2004)

---

[1] In <u>Fabiano</u>, the defendant corporation was defunct, so there were few witnesses who could testify on behalf of the corporation.  <u>Id</u>. at 38.  Similarly, Defendants claim few witnesses, if any, have personal

(Corporate designee required to review spreadsheet, even though designee did not create the spreadsheet.).

Courts in other jurisdictions have rejected arguments similar to those advanced by these Defendants.  In T&W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car Midwest, Inc., 210 F.R.D. 730 (D. Kan. 2002), T&W's designee at a Rule 30 (b) (6) deposition disavowed an intent to testify on behalf of the corporation.  The District Court affirmed the Magistrate Judge's award of sanctions where the designee "came to the deposition without the authority to speak on behalf of Funding Company XII, Wilmington, and T&W Financial."  Id. at 735.   In this case, Defendants are obligated to produce designees with authority to speak on behalf of the corporations.  Defendants' motion for a protective order should, therefore, be denied.

Although Defendants attempt to persuade this Court that Rule 30 (b) (6) depositions would cause them great hardship, Getronics has attempted to alleviate any hardship by agreeing to conduct the depositions by videoconference, even though Getronics could compel Defendants to attend depositions in Boston.  See Slauenwhite v. Bekum Maschinenfabriken, GMBH, 104 F.R.D. 616 (D. Mass. 1985) (Denying the defendant's motion for a protective order that a Rule 30 (b) (6) deposition be taken in West Germany); see also McKesson Corp. v. Islamic Republic of Iran, 185 F.R.D. 70 (D.D.C. 1999) (Ordering the defendant's designee under Rule 30 (b) (6) to travel from Iran to Washington, D.C., where the action was pending in Washington and both parties' counsel were located in Washington.); In re Honda American Motor Co., Inc. (Dealership Relations Litigation), 168 F.R.D. 535 (D. Md. 1996) (Japanese company's designees were required to travel to Maryland for the Rule 30 (b) (6) deposition, because such a

knowledge of the circumstances of the withholding of taxes from royalty payments due to Getronics.

deposition would not infringe upon Japanese sovereignty.).  It is unclear to Getronics

why Attorney Sherman would have to travel to Korea to defend the Rule 30 (b) (6)

depositions. Even if Attorney Sherman has to travel to Korea to defend the depositions,

such travel is not a sufficient justification to warrant precluding Getronics from taking

depositions of Defendants.  See Duncan v. Santaniello, 1996 WL 121730, *2 (D. Mass.

Mar. 8, 1996) ("[D]iscovery may not be avoided merely because it may involve

inconvenience and expense.") (citation omitted).  Because Defendants understate the

probative value of the depositions and overstate the hardship to them from having to

attend depositions, a protective order is not appropriate.

 The cases cited by Defendants are distinguishable and otherwise not applicable to

the present Rule 30 (b) (6) depositions.  For example, in Gazaway v. Makita USA, Inc.,

1998 WL 219771 (D. Kan. Apr. 16, 1998), the plaintiff sought to depose the president of

the defendant's parent company who resided in Japan and claimed to have no knowledge

of the plaintiff's termination.  The first distinguishing fact is that Gazaway did not

involve a Rule 30 (b) (6) deposition of the defendant company.  As described above, lack

of personal knowledge is not a valid reason to preclude a Rule 30 (b) (6) deposition, but it

may be taken into account when considering a motion for a protective order for an

individual's deposition.[2]  The Gazaway court also noted that the plaintiff had several

other sources of relevant deposition testimony from other individuals at the defendant-

company.  Id. at *3.  In this case, Getronics has only one opportunity to depose

Defendants-corporations, through a Rule 30 (b) (6) deposition, so there is no alternate

---

[2] The remaining cases cited by Defendant do not involve Rule 30 (b) (6) depositions.  The cases cited by Defendants involve individual depositions, at which lack of personal knowledge may militate in favor of a protective order where the deponent avers to have no knowledge of the facts underlying the case.  See Cruz

source of deposition testimony.  Defendants improperly seek to preclude Getronics from its one opportunity to obtain deposition testimony from Defendants.

The Supreme Court has declared that deposition discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials.  Herbert v. Lando, 441 U.S. 153, 176 (1979).  Defendants seek the extraordinary remedy of prohibiting deposition testimony without providing sufficient justification.  Mike v. Dymon, Inc., 169 F.R.D. 376, 378 (D. Kan. 1996) ("Absent extraordinary circumstances, [courts] rarely grant a protective order which totally prohibits a deposition.").  Defendants' motion leaves Getronics without the ability to conduct any deposition discovery from Defendants.  The Fabiano court recognized the prejudice resulting from precluding Rule 30 (b) (6) depositions: "Without having a witness or witnesses who can testify so as to bind the corporation, the deposing party is left at an unfair advantage, having no understanding of what the corporation's position is as to many areas of inquiry."  201 F.R.D. at 37.  Taken to the logical end, Defendants' argument vitiates Rule 30 (b) (6) depositions, permitting corporations to escape depositions simply because their officials lack personal knowledge.  The fact that the parties have engaged in written discovery does not preclude Getronics from deposing Defendants.  Marker, 125 F.R.D. at 126 (In rejecting a party's argument that written discovery could substitute for a Rule 30 (b) (6) deposition, the court wrote: "Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored.").  For all of the above reasons, Defendants' motion for a protective order should be denied.

---

v. Aramark Services, Inc., 2004 WL 838009 (W.D. Tex. Mar. 31, 2004); Cotracom Commodity Trading Co. v. Seaboard Corp., 2000 WL 796142 (D. Kan. June 14, 2000).

WHEREFORE, Getronics respectfully requests that this Honorable Court:

A.  Deny Defendants' motion for a protective order precluding depositions of

    Defendants pursuant to Fed. R. Civ. P. 30 (b) (6); and

B.  Grant such additional and further relief as the Court deems necessary.

                          Respectfully submitted,

                          **GETRONICSWANG CO., LLC**

                          By its attorneys,

                          SHEEHAN PHINNEY BASS +
                          GREEN, PA


Date:  November 9, 2005        /s/ Michael C. Harvell_____
                               Michael C. Harvell (Pro Hac Vice)
                               One Boston Place, 38th Floor
                               Boston, MA 02108
                               (617) 897-5600

Date: November 9, 2005         /s/ Maria Recalde_____
                               Maria Recalde, (BBO# 552831)
                               One Boston Place, 38th Floor
                               Boston, MA 02108
                               (617) 897-5600


<u>**CERTIFICATE OF SERVICE**</u>

I, Michael C. Harvell, hereby certify that the foregoing objection to Defendants'
motion for a protective order was served on Robert P. Sherman, Esq.,
rsherman@nixonpeabody.com, and Gordon M. Jones, III, Esq.,
gmjones@nixonpeabody.com, Nixon Peabody LLP, 100 Summer Street, Boston, MA
02110-2131, through Electronic Case Filing, this 9th day of November, 2005.


                               /s/ Michael C. Harvell_____
                               Michael C. Harvell