
EXHIBIT
29

## ANDREWS & KURTH L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

ATTORNEYS

425 LEXINGTON AVENUE

NEW YORK, NEW YORK 10017-3903

TELEPHONE: (212) 850-2700
TELECOPIER: (212) 850-2929

WRITER'S DIRECT DIAL

OTHER OFFICES:
HOUSTON
WASHINGTON, D.C.
DALLAS
LOS ANGELES
THE WOODLANDS

July 24, 1996

**RECEIVED**

AUG 9 1996

Tax Treaty Division
CP:IN:I:T

Assistant Commissioner (International)
Attn: Tax Treaty Division
Internal Revenue Service
P.O. Box 23598
Washington, D.C. 20026-3598

Re: Request for Competent Authority Assistance by Wang Laboratories, Inc., 600 Technology Park Drive, Billerica, Massachusetts 01821-4130, Taxpayer ID # 04-2192707

Dear Assistant Commissioner:

Pursuant to Rev. Proc. 96-13, 1996-3 I.R.B. 31 and Article 27 of the U.S.-Korea Income Tax Treaty (the "Treaty"), Wang Laboratories, Inc., a Delaware Corporation ("Wang" or the "Company"), hereby requests United States competent authority assistance. Although the tax matters for which assistance is requested relate to years as far back as 1992, Wang has been unable to effectively deal with these issues until recently, as the Company had been the subject of a Chapter 11 Bankruptcy.

Wang is the owner of United States patents relating to certain computer parts and processes (the "Licensed Products"). The patents are only enforceable in the United States. Wang executed patent license agreements (the "Agreements") with the following Korean corporations, which are unrelated to the Company:

| Company | Date Executed |
|---|---|
| LG Semicon Co., Ltd.<br>(Formerly Goldstar Electron Co., Ltd.)<br>50 Hyang Jeong-Dong<br>Cheong Ju, Korea 360-480 | April 9, 1992 |

HOU03:43126.1

ANDREWS & KURTH L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP

Assistant Commissioner (International)
Attn: Tax Treaty Division
July 24, 1996
Page 2

| Company | Date Executed |
|---|---|
| Hyundai Electronics Industries Co., Ltd.<br>66 Chuckseon-Dong, Chongro-Ku<br>Seoul, Korea | June 21, 1993 |
| Company | Date Executed |
| Samsung Electronics Co., Ltd.<br>10th Fl., Samsung Main Bldg.<br>250, 2-Ka, Taepyung-Ro, Chung-ku<br>Seoul, Korea | February 17, 1992 |

The Agreements provide that the licensee will pay a royalty to Wang based on the licensee's direct and indirect manufacture, use, sale, or other transfer of the Licensed Products in the United States. In addition, one of the Agreements provided for a lump sum royalty payment based on past infringement of the patents by the licensee. Copies of the Agreements and summaries of each are attached hereto.

It is clear that the payments to Wang under the Agreements for the rights to use the Licensed Products as well as the payments for past infringement of the patents constitute "royalties" as defined under Article 14 of the Treaty. *See, e.g.*, Rev. Rul. 64-206, 1964-2 C.B. 591. Article 6 of the Treaty states:

> (3) Royalties described in paragraph (4) of Article 14 (Royalties) for the use of, or the right to use, property (other than as provided in paragraph (5) with respect to ships or aircraft) described in such paragraph *shall be treated as income from sources within one of the Contracting States only if paid for the use of, or the right to use, such property within that Contracting State* (emphasis added).

Under this provision, the royalty payments made by the Korean corporations to Wang under the patent license agreements are United States source income to the Company and, therefore, not subject to Korean tax under Article 4 of the Treaty. Notwithstanding the clear and unambiguous provisions of the Treaty, the Korean corporations withheld tax on the royalty payments and paid

HOU03:43136.1

ANDREWS & KURTH L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP

Assistant Commissioner (International)
Attn: Tax Treaty Division
July 24, 1996
Page 3

such withheld amounts to the Government of Korea. The amounts withheld are shown in "Appendix Korea," which follows.

Wang seeks a refund of the Korean taxes wrongfully imposed on the payments under the Agreements as well as interest, and an acknowledgment from the appropriate Korean authority that no Korean withholding tax is required to be imposed on future payments.[1] The acknowledgment should be provided to the Korean corporations identified in this request and act to relieve these corporations from any liability for failing to withhold Korean taxes from payments made to Wang under the Agreements.

As section 482 of the Internal Revenue Code is not involved, Wang does not wish to avail itself of the relief provided under Rev. Proc. 65-17, 1965-1 C.B. 833, as amplified and amended. The request for competent authority assistance does not involve issues that are currently, or were previously, considered as part of an APA proceeding in the United States or in a similar proceeding in Korea. Wang is not requesting the Simultaneous Appeals procedure as provided in section 8 of Revenue Procedure 96-13.

Under applicable Korean tax law, the statute of limitations for recovery of the withholding tax is 5 years from the date when such tax was imposed; therefore, the period of limitations for the years at issue has not yet expired. According to the Treasury Department Technical Explanation of the Treaty, the issuance of a refund is permitted pursuant to Article 27 notwithstanding procedural barriers otherwise existing under a Contracting State's law, such as the statute of limitations.

Your assistance in this matter is greatly appreciated. The Company shall, on request, submit any other information or documentation deemed necessary for purposes of reaching an agreement.

---

[1] During the relevant period, Wang was not required to, nor did it file, income tax returns with the Government of Korea.

HOU03:43126.1

ANDREWS & KURTH L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP

Assistant Commissioner (International)
Attn: Tax Treaty Division
July 24, 1996
Page 4

with the Korean competent authority. Please submit such request to:

>Robert D. Simon
>Andrews & Kurth L.L.P.
>1701 Pennsylvania Avenue, N.W.
>Suite 200
>Washington, D.C. 20006-5805
>(202) 662-2700

or

>Avery I. Stok
>Andrews & Kurth L.L.P.
>425 Lexington Avenue
>New York, N.Y. 10017
>(212) 850-2820

Very truly yours,

Robert D. Simon

Under penalties of perjury, I declare that I have examined this request, including accompanying documents, and, to the best of my knowledge and belief, the facts presented in support of the request for competent authority assistance are true, correct and complete.

Richard L. Buckingham
Vice-President and Treasurer
Wang Laboratories, Inc.

HOU03:43126.1

**Form 2848**
(Rev. December 1995)
Department of the Treasury
Internal Revenue Service

**Power of Attorney and Declaration of Representative**
► For Paperwork Reduction and Privacy Act Notice, see the instructions.

OMB No. 1545-0150
For IRS Use Only
Received by
Name _____
Telephone ( )
Function _____
Date   /   /

### Part I — Power of Attorney (Please type or print.)

**1 Taxpayer Information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

Taxpayer name(s) and address:
Wang Laboratories, Inc.
600 Technology Park Drive
Billerica, MA 01821-4130

Social security number(s): 
Employer identification number: 04-2192707
Daytime telephone number: ( )
Plan number (if applicable):

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

Name and address:
Robert D. Simon
1701 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006-5805

CAF No. *
Telephone No. (202) 662-2700
Fax No. (202) 662-2739
Check if new: Address ☐  Telephone No. ☐

Name and address:
Avery I. Stok
425 Lexington Avenue
New York, N.Y. 10017-3903

CAF No. *
Telephone No. (212) 850-2820
Fax No. (212) 850-2929
Check if new: Address ☐  Telephone No. ☐

Name and address:

CAF No.
Telephone No. ( )
Fax No. ( )
Check if new: Address ☐  Telephone No. ☐

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:
*Cannot locate CAF No., if any.

**3 Tax Matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Competent Authority Request | | 1992-1995 |
| | | |
| | | |

**4 Specific Use Not Recorded on Centralized Authorization File (CAF).**—If the power of attorney is for a specific use not recorded on CAF, check this box. (See Line 4—Specific uses not recorded on CAF on page 3.) . . . . . ► ☒

**5 Acts Authorized.**—The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see Line 5—Acts authorized on page 4).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ................................
........................................................................
........................................................................

**Note:** In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.

**Note:** The tax matters partner/person of a partnership or S corporation is not permitted to authorize representatives to perform certain acts. See the instructions for more information.

**6 Receipt of Refund Checks.**—If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ►

Cat. No. 11980J                                                   Form 2848 (Rev. 12-95)