# EXHIBIT A

| Approval | Representative | Section Chief | Manager | Director | President |
|---|---|---|---|---|---|
| | [signature] | [signature] | [signature] | | [signature] |
| | 7/6 | 7/6 | 7/6 | / | 7/6 |

Document No.: 92-                                                                                    July 6, 1992
TO: Office Of National Tax Administration
CC: International Taxation Section
Subject: Inquiry on income tax holding concerning royalty payment to US corporation in return for US patent licensing

<Progress>

1. Our company was involved in the claim presented by Wang Laboratories of US (herein "Wang") in December 1989 that our product of X9 bits 30 pin module (herein "SIMMs") infringed upon two US patents (not registered in Korea) and later signed a license agreement (herein "this Agreement") for the applicable patents on May 12th, 1992. In addition, at the time of this Agreement execution, Wang promised that it would not present any claims for any other patents related to the SIMMs product in addition to the said two US patents.

2. In accordance with this Agreement, our company withheld the income tax corresponding to 16.125%, US$ 410,209.02, of the first payment of the royalty in the amount of US$ 2,543,931.93 and forwarded its balance of US$ 2,133,722.91 to Wang on June 25th. On the other hand, our company was issued a tax amount certificate by the East Suwon Tax Office in Suwon, Kyunggi Province on June 22nd that was a part of the papers required to wire the said amount in foreign currency through a local Korean bank, and is scheduled to remit US$ 410,209.02 marked on the said tax amount certificate to the said Tax Office on July 10th.

3. When our company notified the said fact to Wang, Wang argued that it was inappropriate for our company to withhold the said tax amount and referenced as its basis the Supreme Court judgment on the taxation disposition revocation lawsuit of Hyundai Motor Company (herein "Hyundai Motor") instituted against the Commissioner of Chongno Tax Office dated May 12th, 1992. The said judgment resulted from the taxation disposition revocation lawsuit instituted by the Hyundai Motor against the Chongno Tax Office in March 1990 for the reason of being unfair wherein Hyundai Motor compensated its US local corporation for the royalty the US local corporation paid to Philips according to the patent license agreement executed between the US local corporation and Philips according to the sales agreement and patent royalty compensation agreement executed between itself and its local corporation, and the Chongno Tax Office imposed taxation on Hyundai Motor for the amount compensated.

SAM000039

In other words, the Supreme Court reversed and sent back the judgment by the High Court on this case dated June 21st, 1991 and stated its reason wherein, as the right to exercise a patent was valid in the region of the country for which its patent right was established and registered, and the patent of Philips whose license was awarded to Hyundai was not registered in Korea, usage of and infringement on the said patent would be an issue only in the foreign countries where its patent right took effect, and the issue of usage of and infringement on the applicable foreign patent would not arise, and argued that it came up with the judgment that the taxation disposition on Hyundai Motor by the Chongno Tax Office was inappropriate because the source of the royalty income Philips received in return for awarding the foreign patent license to Hyundai could not be considered to exist in Korea based on the Korea-US Taxation Agreement.

4. Although the highest court of Korea interprets the law such that the Korean government cannot tax on royalty income of a foreign corporation accompanied with awarding a license of a foreign patent and not a Korean patent, if Samsung would withhold the said tax amount and pay it to its tax authority, then Samsung would clearly violate the provision stipulated in the Agreement that "Samsung can withhold an applicable tax if required by the Korea law." Therefore, Wang is threatening to cancel this Agreement and demanding immediate return of the said tax amount.

5. Since there is much confusion about the said tax amount and also whether our company will have to pay taxes for the regular royalty payment to Wang required by this Agreement, a formal opinion of the Court is respectfully requested.

(Question)

> (1) Whether it is necessary for the company to withhold the patent royalty to be paid by our company to Wang regularly according to this Agreement (including the answer to the question whether to withhold tax from the first royalty payment would be returned to Wang or submitted to the Tax Office).
> (2) Whether it is necessary to continue withholding income taxes if a license agreement on other similar patents is signed.

* Attachment: Provisions related to the patent license agreement between Wang and Samsung Electronics, 1 copy.

Kwang Ho Kim, CEO [seal]
Samsung Electronics Co., Ltd.

SAM000040

Judgment Summary On Taxation Lawsuit

o Fact Relation



- Amount of Action: Base tax amount of 38 million won and additional tax of 3.6 million won totaling 42 million won.

o Applicable Provisions
1. Corporate Tax Act Article 55, Clause 1: Domestic source income refers to… the income resulting from the consideration in case a patent right, etc. is used in Korea or its consideration is paid in Korea.

2. Korea-US Taxation Agreement Article 6: Royalty is handled as an income with its source being in the agreement execution country only if payment is made for use or right to use of the said property on the said agreement execution country.

o Summary of original judgment from the high court
1. Infringement on or use of the patent right becomes an issue in case of import and sales in the US, but the plaintiff used it in the process of automobile production in Korea.

2. If a patent right is registered in the US only, then it is valid only in the US. However, if it is used for automobiles produced in Korea and they are imported and marketed, the patent right takes effect not only in the US but also in Korea as well.

3. The argument that it did not sign a patent agreement directly with Philips but signed a patent royalty compensation agreement with its overseas local corporation practically means that the patent right of Philips was used by using its overseas local corporation as an agent, and consideration was paid.
→ As an income was incurred with its source being in Korea, taxation disposition was lawful.

o Summary of Supreme Court judgment
1. The Corporate Tax Act Article 55, Clause 1 and Korea-US Taxation Agreement, Article 6 were interpreted to mean that if a foreign corporation or US corporation registered its patent right in Korea and owned the patent exercise right in Korea, the consideration paid for using the patent exercise right is an income.

2. Therefore, a patent right takes effect only in the region of the country in which the patent right is registered. So the issue of use or infringement that arises when a patent not registered in Korea is used to produce products and they are exported to a foreign country, is nothing but an issue concerning usage of or infringement on the patent exercise right dealing with export and sale of the patented product above in the foreign country in which the patent right takes effect and has nothing to do with the issue of using the patented product in Korea.

→ Since the income source of Philips was the US, the taxation disposition was inappropriate so the original judgment was revoked and sent back.

SAM000041