# EXHIBIT U

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

GETRONICSWANG CO., LLC,

    Plaintiff,

v.                                                                Civil Action No. 04-12382 (RCL)

HYNIX SEMICONDUCTOR, INC. and
SAMSUING ELECTRONICS CO., LTD.

    Defendants.

---

### PLAINTIFF GETRONICSWANG CO., LLC ANSWERS TO DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Plaintiff GetronicsWang Co., LLC responds to Samsung Electronics Co., Ltd.'s First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

GetronicsWang incorporated the following General Objections into each and every objection and/or individualized response contained herein, as set forth below, and into each and every amendment, supplement or modification to these responses hereafter provided to the specific interrogatories. These General Objections have been set forth herein to avoid duplication and repetition from restating them in response to each interrogatory. The General Objections may be referred to in response to certain interrogatories for the purpose of clarity only. GetronicsWang does not waive any General Objection in response to any specific interrogatory propounded. GetronicsWang sets forth the following General Objections to Defendant's interrogatories.

## INTERROGATORY NO. 3:

Please describe in as much detail as possible every communication between Wang and/or any person acting on Wang's behalf, including, without limitation, any Korean national acting on Wang's behalf, and any representative of the Korean government or the Korean taxing authorities concerning the question of whether or not any tax was owed to the Korean government as a result of royalty payments made by Samsung pursuant to the Samsung Agreement.

## ANSWER:

Between 7/9/92 and 7/28/92, representatives of the Korean law firm, Kim and Chang contacted the Korean National Tax Administration (NTA) to informally seek a ruling supporting the Hyundai case. The NTA declined to issue a ruling confirming the Hyundai supreme court case. Its reason for doing so was that such a ruling would jeopardize an existing competent authority proceeding pending with the IRS involving the foreign source rule and a compromise allocating the income equally between each country.

## **INTERROGATORY NO. 14:**

Please state in as much detail as possible every fact that you rely on to support the contention in your complaint that Samsung owes interest to Wang arising out of the taxes that Samsung withheld from royalty payment made to Wang pursuant to the Samsung Agreement.

## **ANSWER:**

Section 2.12 of the February 17, 1992 Simm Technology Patent License Agreement between Samsung and Wang provides that if Samsung fails to make payments when due, the payment is increased by 1% for each calendar month during which the amount remains unpaid.

The royalty payments called for by each agreement were due as provided in the royalty agreement; otherwise, no withholding tax would have been asserted to have been due. The full amount of the royalty payments that were due were not paid by either Hynix or Goldstar.

Nothing in the disposition of the competent authority proceeding modifies the parties' agreement or excuses payment of interest.

I, Anthony Paolillo, on this 16th day of September, 2005, hereby swear that the foregoing answers to interrogatories are true to the best of my knowledge, information, and belief.

_____
Anthony Paolillo
Its: Tax Director


STATE OF ~~NEW HAMPSHIRE~~ MASSACHUSETTS
COUNTY OF Middlesex

Before me, the undersigned officer, personally appeared the said Anthony Paolillo and made oath that the facts contained in the foregoing answers to interrogatories are true to the best of their knowledge and belief.

_____
~~Justice of the Peace~~/Notary Public Judith M. Newell
My Commission Expires: May 14, 2010

[Notary Seal: Judith M. Newell, Massachusetts Notary Public]

Respectfully submitted,

**GETRONICSWANG CO., LLC**

With respect to the foregoing objections,

By its attorneys,

**SHEEHAN PHINNEY BASS + GREEN,
PROFESSIONAL ASSOCIATION**

DATED: September 19, 2005    By: /s/ Michael C. Harvell
Michael C. Harvell, Esquire
1000 Elm Street
P.O. Box 3701
Manchester, NH 03501-3701
(603) 627-8223

### CERTIFICATION

I hereby certify that an original ~~and two copies~~ of the foregoing Plaintiff's Objections and Answers to the Defendant's First Set of Interrogatories have this day been forwarded by first-class mail, postage prepaid to counsel for the Defendants.

Dated: September 19, 2005    /s/ Michael C. Harvell
Michael C. Harvell

g:\mharvell\getronics\discovery\getronics ans to samsung's 1st set of interrogs 2005-09-13.doc

UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

---

GETRONICSWANG CO., LLC,

Plaintiff,

v.                                                            Civil Action No. 04-12382 (RCL)

HYNIX SEMICONDUCTOR, INC. and
SAMSUNG ELECTRONICS CO., LTD.

Defendants.

---

## PLAINTIFF GETRONICSWANG CO., LLC'S ANSWERS TO DEFENDANT HYNIX SEMICONDUCTOR, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Plaintiff GetronicsWang Co., LLC responds to Hynix Semiconductor, Inc.'s First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

GetronicsWang incorporated the following General Objections into each and every objection and/or individualized response contained herein, as set forth below, and into each and every amendment, supplement or modification to these responses hereafter provided to the specific interrogatories. These General Objections have been set forth herein to avoid duplication and repetition from restating them in response to each interrogatory. The General Objections may be referred to in response to certain interrogatories for the purpose of clarity only. GetronicsWang does not waive any General Objection in response to any specific interrogatory propounded. GetronicsWang sets forth the following General Objections to Defendant's interrogatories.

**INTERROGATORY NO. 5:**

Please describe in as much detail as possible every communication between Wang and/or any person acting on Wang's behalf, including, without limitation, any Korean national acting on Wang's behalf, and any representative of the Korean government or the Korean taxing authorities concerning the question of whether or not any tax was owed to the Korean government as a result of royalty payments made by Hynix pursuant to the Hynix Agreement.

**ANSWER:**

Between 7/9/92 and 7/28/92, representatives of the Korean law firm, Kim and Chang contacted the Korean National Tax Administration (NTA) to informally seek a ruling supporting the Hyundai case. The NTA declined to issue a ruling confirming the Hyundai supreme court case. Its reason for doing so was that such a ruling would jeopardize an existing competent authority proceeding pending with the IRS involving the foreign source rule and a compromise allocating the income equally between each country.

**INTERROGATORY NO. 21**:

Please state in as much detail as possible every fact that you rely on to support the contention in your complaint that Hynix owes interest to Wang arising out of the taxes that Hynix and Goldstar withheld from royalty payments made to Wang pursuant to the Hynix and Goldstar Agreements.

**ANSWER:**

Section 6.9 of the June 21, 1993 Simm Technology Patent License Agreement between Hynix/Hyundai and Wang provides that late payments are increased by 1.5% of the payment amount for each calendar month during which the amount remains unpaid.

Section 3.10 of the March 1992 Simm Technology Patent License Agreement between Goldstar and Wang provides that if Goldstar fails to make payments when due, the payment is increased by 1% for each calendar month during which the amount remains unpaid.

The royalty payments called for by each agreement were due as provided in the royalty agreement; otherwise, no withholding tax would have been asserted to have been due. The full amount of the royalty payments that were due were not paid by either Hynix or Goldstar.

Nothing in the disposition of the competent authority proceeding modifies the parties' agreements or excuses payment of interest.

I, Anthony Paolillo, on this 16th day of September, 2005, hereby swear that the foregoing answers to interrogatories are true to the best of my knowledge, information, and belief.

_____
Anthony Paolillo
Its: Director of Taxes

STATE OF ~~NEW HAMPSHIRE~~ MASSACHUSETTS
COUNTY OF MIDDLESEX

Before me, the undersigned officer, personally appeared the said Anthony Paolillo and made oath that the facts contained in the foregoing answers to interrogatories are true to the best of ~~their~~ his knowledge and belief.

_____
~~Justice of the Peace~~ Notary Public   Judith M. Newell
My Commission Expires:  May 14, 2010

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

Respectfully submitted,

**GETRONICSWANG CO., LLC**

With respect to the foregoing objections,

By its attorneys,

**SHEEHAN PHINNEY BASS + GREEN,
PROFESSIONAL ASSOCIATION**

DATED: September 19, 2005    By: /s/ Michael C. Harvell
Michael C. Harvell, Esquire
1000 Elm Street
P.O. Box 3701
Manchester, NH 03501-3701
(603) 627-8223

**CERTIFICATION**

I hereby certify that an original ~~and two copies of~~ the foregoing Plaintiff's Objections and Answers to the Defendant's First Set of Interrogatories have this day been forwarded by first-class mail, postage prepaid to counsel for the Defendants.

Dated: September 19, 2005    /s/ Michael C. Harvell
Michael C. Harvell

g:\mharvell\getronics\discovery\getronics ans to hynix 1st set of interrog 2005-09-13.doc