# EXHIBIT V

# KIM & CHANG

TELEX: LAWKIM K26586
LAWKIM K22263
LAWKIM K26326
CABLE: LAWKIM CHANG

SEYANG BUILDING
223 NAEJA-DONG, CHONGRO-KU
SEOUL, KOREA

TELEPHONE:
(02) 737-4455
FACSIMILE:
(02) 737-9091

July 28, 1992



Via Facsimile Transmission

Mr. Jim Boudreau
Corporate Tax Department
Wang Laboratories, Inc.
One Industrial Avenue
Lowell, Massachusetts 01851
U. S. A.

EXHIBIT
53

Re:  **Follow-Up and Response from GoldStar Electron Co., Ltd.**

Dear Mr. Boudreau:

Thank you for your facsimile letter dated July 27, 1992. Pursuant to your request and further to our letter of 9 July 1992, we set forth below our comments on the question in your letter.

We have informally confirmed that the National Tax Administration (NTA) would not be able to officially issue a ruling clearly supporting the Supreme Court precedent judgment that fees for the use of a patent not registered in Korea should be categorized as foreign source income under Article 6, Paragraph 3 of the Korea-U.S. Tax Treaty, for the following reasons.

There are several pending issues which share the same controversial point as the present Wang case. With respect to these issues, the NTA and Internal Revenue Service of the U.S have been engaged in the competent authority consultation as stipulated in Article 27 of the Treaty. During the course of the competent authority consultation, the NTA has strongly argued that the source country of fees for such patent should be the country where a Korean licensee actually used the patented technology in manufacturing products, regardless of whether the patent is registered in Korea or not. On the contrary, the IRS argued that the source country should be the country where such products are sold and where the patent is registered. As a compromise of these opposite arguments, it was proposed that 50% of the fees for the use of a patent not registered in Korea be

**KIM & CHANG**

Mr. Jim Boudreau
July 28, 1992
Page 2

regarded as royalty arising from the country in which a Korean licensee manufactures products by utilizing the patented technology. Meanwhile, the remaining portion of such fees should be treated as arising from the country where such products are sold and where the patent is registered. The NTA seriously reviewed whether it may accept this compromise based on an allocation concept which, we understand, the Japanese tax authorities also accepted during their competent authority consultation with the IRS.

Because of this situation, the NTA is concerned that its issuance of an official ruling supporting the Supreme Court judgment will jeopardize its position with respect to the competent authority consultation with the IRS. <u>Based upon the foregoing, it does not appear that the NTA would issue a ruling in favor of Wang.</u>

[redacted]

We trust the foregoing is responsive to your inquiries. If you have any further questions or any comments on this issue, please let us know.

With best regards,

Very truly yours,



Kim & Chang

CRW/JSJ

K:\6\WAN2728L.J79