# EXHIBIT DD

# Resume

## ☐ Personal information

— Full name: AHN, Chang Nam

— Address: Shingal-Ri 86, Kihung-Eup, Yongin City, Kyunggi Province, Korea

— Place of birth: Sinjeong-Dong 505, Jeongeup city, Cheonbuk, Korea

— Date of birth: September 20, 1958

— Resident registration number: 580920-1535614

— Occupation: Professor in Tax Science of Kangnam University, Korea

— Contact telephone number: 82-16-357-2353(mobile),

 82-31-2803-811(office)

— e-mail : philipahn@kangnam.ac.kr


## ☐ Education background

— Graduated from business administration department of INHA University in Korea (1986)

— Graduated from tax graduate school in France (1994)

— Obtained doctorate degree in law from Paris 2nd University(Sorbonne) in 1997.


\* Passed long-term overseas study test hosted by the government while I was serving for National Tax Service

\* Doctor first-ever obtained overseas among officials in National Tax Service

☐ **Major experiences**

- Worked for National Tax Service (From 1977 until 1997)
- Research member of Korean Association of Certified Tax Accountants
- Advisor for the Korean Chamber of Commerce
- A member of advisory committee to the Ministry of Finance and Economy
- A member of test committee for the national examination such as national judicial examination
- A member of test committee for the qualification of professional tax consultant
- Director of the Association of International Fiscal Association of Korea
- Chairman of World Tax Study foundation
- Delivered lectures in Graduate Schools of Korea University, Seongkyunkwan University, Kyunghee University
- Currently, professor of tax science and chief professor (since 1998)

# Contents of major study

## ☐ Major books published

- *Tax systems of major country (France)*, Korean Tax Research Institute, 2004.

- *Internet and Taxation*, SEHAKSA, 2004.

- *International Financing and Taxation*, Korea Financing Research Institute, 2004.

- *How do we understand taxation*, Kwanggyo 2004.

- *Basics of tax*, SEHAKSA, 2005.

- *Theories on International Taxation*, SEHAKSA, 2004

- *Tax System of North Korea*, SEHAKSA, 2005.

## ☐ Major study reports

- *Efficiency analysis on the indirect taxes for the agriculture and fishery*, Ministry of Finance and Economy, 2004.

- *Study on the appraisal of business value and tax treatment (france)*, National Tax Service, 2003.

- *Study on the tax support system for electronic commerce transaction*, Ministry of Information and Communication, 2003.

- *Study on the discussion of general land tax system newly enacted and security of self sufficient local financial resources*, Association of Kun & city mayors & Ku Commissioners nationwide, 2003.

- *Study on the profitability of gas station industry*, Korea International Tax Association, 2002.

- *Study on the reorganization of Valued Added Tax law*, Korean Association of Certified Tax Accountants, 2002.

- *Translation of French valued added tax law*, Ministry of Finance and Economy, 2002.

- *Study on France tax procedural law*, Korean Association of Certified Tax Accountants, 2001.

- *Alternatives for the improvement of VAT exemption & deduction system*, Ministry of Finance and Economy, 2001.

- *Plans on the revision of taxation methodology for non profit organization*, Ministry of Finance and Economy, 2000.

- *Plans for maintenance of consistency in national tax and provincial tax policy*, Ministry of Finance and Economy, 2000.

☐ Major treaties (Essays)

- *Improvement of inheritance tax system (focused on family law)*, Tax Law Study group, 2004.
- *Unconstitutionality of secondary tax liability system*, Tax Law Study Group, 2004.
- *Exemption clauses in France VAT law*, Korea International Tax Association, 2004.
- *Elements of unconstitutionality of VAT law from rule by the law principle viewpoint*, Human Rights and Justice, 2003.
- *Improvement of purchase VAT credit for the recycling-scrapped resources*, Korea International Tax Association, 2002.
- *Study on France Forfait system*, Korea International Tax Association, 2001.
- *French consolidated tax liability system*, Korea International Tax Association, 2000.
- *Source and residence: new configuration of their principles*, IFA, 2004.
- *Consumption taxation and Financial transactions*, IFA, 2003.
- *Limits on the use of low-tax regimes by multinational business : current measures and emerging trends*, IFA, 2001.
- *Advance ruling*, IFA, 1999.

# Summary of decision in Hyundai Motor's case

(the Supreme Court of Korea)

## I. Situation

- ☐ Plaintiff : Hyundai Motor corporation
- ☐ Defendants : Chong Ro Tax Office in Seoul
- ☐ Cite : 91 NU 6887 (Supreme Court)
- ☐ Date of decision : 12 mai 1992
- ☐ Original decision (Seoul High Court of Justice)
  - Cite : 90 KU 21508
  - Date of decision : 21 june 1991
- ☐ Relevant law provision :
  - Art. 55(1)⑨(a) of Korean Corporation Tax Law
  - Art. 6 and 14(4) of Korea-USA tax convention

## II. Summary of Appeal filed with the Supreme Court

☐ The Seoul High Court stipulated the following facts :

— The Plaintiff (Hyundai Motor Corporation, "HMC" hereinafter) is a korean corporation engaged in the manufacture of automobile and has a subsidiary named "Hyundai Motor America Corporation (licensee, "HMAC" hereinafter)" in the USA.

— Philips petroleum corporation (licensor, "Philips" hereinafter) is a U.S. company that owns a patent right with respect to certain 「Polypropylene」 and has no permanent establishment in Korea.

- 1 -

— In the beginning of January 1986, HMC and HMAC entered into a contract, under which HMAC imports and sells in the U.S. automobiles manufactured by HMC. The contract provides that, if the automobiles produced by HMC and sold in the U.S.A. infringe the patent of a third party, all costs, including liquidated damages that HMAC would incur, shall be reimbursed by HMC.

— On 15 February 1989, HMAC and Philips entered into a agreement under which Philips granted HMAC a right to import and sell automobiles using a patent owned by Philips and in return HMAC pays Philips 57 cent per car as a royalty.

— In 1989, HMC reimbursed HMAC KRW 257,863,158 which HMAC paid Philips as royalty.

☐ The Chong Ro Tax Office in Seoul (Defendants) took the position that the amount reimbursed by HMC to HMAC is Korean source income for the following reasons:

— While the infrigement or use of the patent at issue becomes an issue at the time when HMAC imports the automobiles using the subject patent into the U.S., in substance the subject patent was in fact used in HMC's manufacturing process in Korea

— Since the subject patent was registered in the U.S., the registration was legally effective in the U.S. However, if the automobiles using the patent registered in the U.S. are manufactured in Korea and subsequently exported to the U.S., it should be considered that the registration made in the U.S. should be effective in Korea as well.

— In addition, while HMAC entered into a contract with Philips and there was no contract between HMC and Philips, it should be considered that, in substance, HMC used the subject patent in

- 2 -

Korea and paid royalties to Philips through an agent, HMAC.

☐ The Seoul High Court concurred with the Chong Ro Tax Office in Seoul(Defendants) and rendered a decision in favor of the Defendant.

III. <u>Summary of Supreme Court's decision</u>

☐ In order for a payment for the use of a patent to be considered as Korean source income, the patent at issue should be used in Korea, accoding to the Art.55(1)⑨(a) of the Korean Corporation Tax Law and the Art. 6(3), 14(4) of the Korea-USA Tax Convention.

☐ A patent right is a right granted b a country in accordance with its own law to the patent applicant. Therefore, a country's power to grant a patent exists independently and is effective within the territory under its sovereignty. In other words, a patent right is effective and valid only in a state where the patent right is registered.

☐ Therefore, If the patent right of foreign company is not registered in Korea, and an article using the patent at issue is registered, the misuse or infringement of the patent becomes a problem only within the atate where the patent at issue registered. It is not a misuse or infringement of a patent in Korea.

☐ Therefore, the meaning of Art. 55(1)⑨(a)of the Korean Corporation Tax Law and Art. 6 and 14(4) of the Korea-USA tax convention is that royalty as Korean source income is royalty paid as a cosideration for the use of a patent right only in case of the patent was registered and thus has an enforceable right in Korea.

- 3 -

☐ In conclusion, if the facts stipulated by Seoul High Court are true, the payment by HMAC (licensee) to Philips is compensation for misuse or infringement of a patent owned by Philips in the U.S. in connection with the automobiles manufactured by HMC(Plaintiff) and exported to the U.S., not compensation for the use of a patent in Korea. Therefore, that compensation may be U.S. source income but cannot be Korean source income. End.

28. 09. 2005

translated and summarized by AHN, ChangNam
Professor of KangNam University

- 4 -

— Art. 55(1)⑨(a) of Korean Corporation Tax Law :

*Where assets, information, or rights falling under any of the following items are <u>used</u> or thee price is <u>paid</u> domestically, the concerned price and the income generated by the transfer of the assets, information, or right.*

*Provided, that where the standards for use are determined in treaties for the prevention of double taxation on income and there are provisions therein to determine whether the concerned income falls under income generated in Korea, the price of assets, information, or rights used abroad shall not be deemed as income generated in Korea, regardless of whether it was paid in Korea.*
<this paragraph is newly inserted by Act n°5581, 28. Dec. 1998>

*(a) Copyrights, patent rights, trademark rights, designs, forms, and sketches of works of learning or fine art (including movie film) or secret formulae or processes, film and tape for radio and television broadcasts and other similar assets or right.*

— Art. 6(3) of Korea-USA Tax Convention :

*Royalties described in paragraph (4) of Article 14(Royalties) for the use of, or the right to use, property(other than as provided in paragraph (5) with respect to ships or aircraft) described in such paragraph shall be treated as income from sources within one of the Contracting States only if paid for the use pf, or the right to use, such property within that Contracting State.*

— Art. 14(4) of Korea-USA Tax Convention :

The term "Royalties" as used in this Article means (a) payment of any kind made as consideration for the use of, or the right to use, copyrights of literary, artistic, or scientific works, copyrights of motions picture films or films or tapes used for radio or television broadcasting, patents, designs, models, plans, secret processes or formulae, trademarks, or other like property or rights, or knowledge, experience, or skill (know-how), or ships or aircraft(but only if the lessor is a person not engaged in the operation in international traffic of ships or aircraft), and (b) Gains derived from the sale, exchange, or other disposition of any such property or rights (other than ships or aircraft) to thee extent that the amounts realized on such sale, exchange, or other disposition for consideration are contingent on the productivity, use, or disposition or such property or rights. The term does not include any royalties, rentals or other amounts paid in respect of the operation of mines, quarries, or other natural resources. end.

# Question and Comment

## ☐ Question 1

After the Hyundai decision, assume that a Korean company was contractually required to pay royalties on patents that were not registered in Korea but were registered in the US for sales directed in the US. Would such royalties be taxable in Korea under the Corporation tax/ Treaty?

*Comment*

— If the patent right of U.S. company is not registered in Korea and used, only, in the U.S.A., according to the Art. 6(3), 14(4) of the Korea-USA tax convention, royalties at issue is not considered to be a Korea source income.

— But, the question of whether the patent right is used in Korea or not, according to the 「principle of substance over form」, it depend upon the fact, not a contract.

— And, in Korea, if there are a conflict between local tax law and tax convention, the later is to be applied in first. Local tax law could not override Tax convention.

## ☐ Question 2

After the Hyundai decision, could a Korean taxpayer use the Hyundai decision as a defense to a claim by the Korean taxing authority that the amounts described in #1 above should be taxed in Korea?

09/30/2005 12:36 FAX 6680300 SPBG ⌀018

## Comment

— *The effect of Supreme Court's decision is, only, to be applied the parties concerned. But, in general, it could be applicable to same cases or similar cases.*

- 8 -

From: unknown    Page: 1/1    Date: 9/30/2005 9:50:41 AM

# APPENDIX

### Bibliography

AHN, CHANGNAM, *Theory of International Taxation*, SaeHakSa, Seoul, 2004.

ARVID A. SKAAR, *Permanent Establishment*, Kluwer Law and Taxation Publishers, Boston, 1991.

BRUNO GOUTHIERE, *Les impôts dans les affaires internationales*, Francis Lefebvre, Paris, 2004.

CHOI, INSUB, *Theory of International Taxation*, DaeWangSa, Seoul, 1984.

CHOI, MYUNGKUN, *Theory of Taxation*, SaeKyungSa, 2004.

CHOI, SUNGIB, *Royalty payment for the use of a patent not registered in Korea and Korean source Income*, (NONJUM)JOSAEBUP, JOSAETONGRAMSA, *1998*.

GUY GEST et GIBERT TIXIER, *Droit Fiscal International*, PUF, France, 1992.

LEE, YONGSUP, *Theory and Practice of International Taxation*, SaeKyungSa, Seoul, 2004

LEE, CHANGHEE, *Lecture of Taxation*, ParkYoungSa, 2005.

LIMHITAECK, *Commentary of Royalty payment for the use of a patent*, BUBJO(No. 434), Seoul, 1992.

Ministry of Finance(Korea), *Interpretation of Korea-USA Tax Convention*, Seoul, 1982.

OECD, *Model Tax Convention*, 2004

VOGEL, KLAUS, *Double Tax Treaties and Their Interpretation*, 4 International Tax & Business Lawyer pp. 4-85, 1986.

VOGEL, KLAUS, *Double Taxation Conventions, - Commentary to the OECD, UN and US Model Conventions for the avoidance of Double Taxation of income and capital*, Kluwer Law and Taxation Publishers, Boston, 1991.

## Table of cases

*GETRONICSWANG CO., LLC v. HYNIX DEMICONDUCTOR, INC. and SAMSUNG ELECTRONICS CO., LTD.* Civil Action No. 04-12382(RCL)

## Others

SIMM TECHNOLOGY PATENT LICENSE AGREEMENT signed between Wang Laboratories Inc., and Goldstar Electron co. 1992.

SIMM TECHNOLOGY PATENT LICENSE AGREEMENT signed between Wang Laboratories Inc,. and Samsung Electronics Industries co., Ltd. 1992.

SIMM TECHNOLOGY PATENT LICENSE AGREEMENT signed between Wang Laboratories Inc,. and Hyundai Electronics Industries co., Ltd. 1993.

http://glaw.scourt.go.kr/glis/legal_c/SearchFrame.jsp
www.oecd.org
www.scourt.go.kr. End.