UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
GETRONICSWANG CO., LLC,         )
                                )
    Plaintiff,                  )
                                )
v.                              )    CIVIL ACTION NO. 04-12382(RCL)
                                )
HYNIX SEMICONDUCTOR, INC.,      )
SAMSUNG ELECTRONICS CO.,        )
LTD.                            )
                                )
    Defendants                  )
                                )
_____)

**<u>AFFIDAVIT OF JAMES P. HARRIS, ESQ. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

I, James P. Harris, hereby depose and state as follows:

1. I am an attorney licensed to practice in the State of New Hampshire and have been admitted pro hac vice to appear before this Court in the above-captioned matter. I have assisted in the representation of Plaintiff GetronicsWang, L.L.C. in this matter.

2. Attached hereto as Exhibit 1 is a true and accurate copy of the October 2, 1998 letter from Wang to the Internal Revenue Service that was Exhibit 32 to the deposition of Anthony Paolillo (Paolillo Depo.").

3. Attached hereto as Exhibit 2 is a true and accurate copy of selected portions of the Tax Convention with the Republic of Korea, June 4, 1976.

4. Attached hereto as Exhibit 3 is a true and accurate copy of the November 26, 2002 letter from the Internal Revenue Service to Wang that was Exhibit 34 to the Paolillo Depo.

5. Attached hereto as Exhibit 4 is a true and accurate copy of selected portions of the Paolillo Depo.

This ends my affidavit testimony.

    SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.


February 2, 2006                                                              ___/s/ James Harris_____
                                                                                                                          James P. Harris



October 2, 1998

BY TELECOPIER – (202) 874-1837

Ms. Tina Masuda
Tax Treaty Division
Internal Revenue Service
950 L'Enfant Plaza SW
Washington, DC 20024

Re: Wang Competent Authority Request

Dear Tina:

    Here is the information you requested. Wang provided each of the Korean and Japanese companies with a worldwide license to make, use or sell infringing product. The royalty was based on sales of infringing product in the United States. Because the infringing product was a commodity, Wang wanted to obtain a royalty on infringing products sold directly by the source company to the United States as well as infringing product sold initially outside the United States that subsequently would be sold in the United States.

    Wang devised a foreign factor to capture original sales of product outside the United States that resulted in a subsequent sale within the United States. Here is how the foreign factor worked. Each source company made the infringing product in the host country. The source company then sold some infringing product directly into the United States. Wang calculated original sales to the United States to be approximately 60% of all infringing product made by a source company. The source company also sold infringing product outside the United States. Wang calculated original sales to Europe to be approximately 20% and original sales to non-European and non-North American countries to be approximately 20%. Some of these original sales outside the United States would result in sales of infringing product into the United States. For example, Samsung might have sold product to a European computer manufacturer which then would sell the personal computer (that included the infringing product) to a company in the United States. Alternatively, Samsung might have sold product to an Asian reseller that then would have resold the product into the United States.

   Because it was impossible to trace the product once it was sold by the source company, Wang devised the foreign factor so that it would receive a royalty for some percentage of the original sales outside the United States. Wang estimated that approximately 5% of all original sales outside the United States would result in a subsequent sale into the United States. Accordingly, Wang charged a royalty for all original sales into the United States and for 5% of the original sales outside the United States.

   Using the foreign factor, you could concede that the royalties charged by Wang to the Korean and Japanese companies were not attributable entirely to original sales into the United States. In addition, you could concede that Wang provided worldwide rights to the licensees, even though the royalty payments were based on U.S. sales.

   I hope this provides you with the ammunition you need to reach settlements with the Japanese and Korean tax authorities. I would appreciate your calling me at (978) 625-5210 as soon as you conclude your meetings later this month. Thank you again for your assistance.

                    Yours very truly,

                     Charles J. Gray

CJG/dcc

Cc: Robert D. Simon (303) 295-8829



# FACSIMILE COVER SHEET

| | |
|---|---|
| TO: | Robert D. Simon |
| COMPANY: | |
| FAX NUMBER: | 303-295-8829 |
| FROM: | Charles Gray |
| PHONE NUMBER: | 978-967-6245 |
| FAX NUMBER: | 978-967-3930 |
| DATE: | October 5, 1998 |
| SUBJECT: | Wang Competent Authority Request |
| NO. OF PAGES (INCLUDING COVER PAGE) | 3 |

The information contained in this facsimile is the property of Wang Laboratories, Inc. and unless otherwise provided, is confidential and proprietary to Wang. It is intended only for the use of the person or persons named above. Any use, dissemination, or copying of this communication is strictly prohibited by anyone other than the intended recipient(s). If you have received this communication in error, please notify the sender immediately.

MESSAGE:



# FACSIMILE COVER SHEET

| | |
|---|---|
| TO: | Tina Masuda |
| COMPANY: | Tax Treaty Division |
| FAX NUMBER: | 202-874-1837 |
| FROM: | Charles Gray |
| PHONE NUMBER: | 978-967-6245 |
| FAX NUMBER: | 978-967-3930 |
| DATE: | October 5, 1998 |
| SUBJECT: | Wang Competent Authority Request |
| NO. OF PAGES (INCLUDING COVER PAGE) | 3 |

The information contained in this facsimile is the property of Wang Laboratories, Inc. and unless otherwise provided, is confidential and proprietary to Wang. It is intended only for the use of the person or persons named above. Any use, dissemination, or copying of this communication is strictly prohibited by anyone other than the intended recipient(s). If you have received this communication in error, please notify the sender immediately.

MESSAGE:

600 Technology Drive • Billerica, MA 01821-413 | Wang Laboratories, Inc.
Tel: 978-967-6245 • Main Tel: 978 967 5000 • Fax: 978-967-3930 • Internet: http://www.wang.co

UNITED STATES - REPUBLIC OF KOREA INCOME TAX CONVENTION

*Convention Signed at Seoul June 4, 1976;*
*Ratification Advised by the Senate of the United States of America July 9, 1979;*
*Ratified by the President of the United States of America July 25, 1979;*
*Ratified by the Republic of Korea December 16, 1976;*
*Ratifications Exchanged at Washington September 20, 1979;*
*Proclaimed by the President of the United States of America October 23, 1979;*
*Entered into Force October 20, 1979.*

GENERAL EFFECTIVE DATE UNDER ARTICLE 31: 1 JANUARY 1980

TABLE OF ARTICLES

Article 1----------------------------------Taxes Covered
Article 2----------------------------------General Definitions
Article 3----------------------------------Fiscal Domicile
Article 4----------------------------------General Rules of Taxation
Article 5----------------------------------Relief from Double Taxation
Article 6----------------------------------Source of Income
Article 7----------------------------------Nondiscrimination
Article 8----------------------------------Business Profits
Article 9----------------------------------Permanent Establishment
Article 10---------------------------------Shipping and Air Transport
Article 11---------------------------------Related Persons
Article 12 --------------------------------Dividends
Article 13---------------------------------Interest
Article 14---------------------------------Royalties
Article 15---------------------------------Income from Real Property
Article 16---------------------------------Capital Gains
Article 17---------------------------------Investment or Holding Companies
Article 18---------------------------------Independent Personal Services
Article 19---------------------------------Dependent Personal Services
Article 20---------------------------------Teachers
Article 21---------------------------------Students and Trainees
Article 22---------------------------------Governmental Functions
Article 23---------------------------------Private Pensions and Annuities
Article 24---------------------------------Social Security Payments
Article 25---------------------------------Exemption from Social Security Taxes
Article 26---------------------------------Diplomatic and Consular Officers
Article 27---------------------------------Mutual Agreement Procedure
Article 28---------------------------------Exchange of Information

Article 29--------------------------------Extension to Territories
Article 30--------------------------------Assistance in Collection
Article 31--------------------------------Entry into Force
Article 32--------------------------------Termination
Notes of Exchange---------------------of June 4, 1976
Letter of Submittal----------------------of 14 August, 1976
Letter of Transmittal--------------------of 3 September, 1976
The "Saving Clause"--------------------Paragraph 4 of Article 4

TAX CONVENTION WITH THE REPUBLIC OF KOREA

MESSAGE

FROM

THE PRESIDENT OF THE UNITED STATES

TRANSMITTING

THE CONVENTION BETWEEN THE UNITED STATES OF AMERICA AND THE REPUBLIC OF KOREA FOR THE AVOIDANCE OF DOUBLE TAXATION AND THE PREVENTION OF FISCAL EVASION WITH RESPECT TO TAXES ON INCOME AND THE ENCOURAGEMENT OF INTERNATIONAL TRADE AND INVESTMENT, SIGNED AT SEOUL JUNE 4, 1976, TOGETHER WITH A RELATED EXCHANGE OF NOTES

LETTER OF SUBMITTAL

DEPARTMENT OF STATE,
*Washington, August14, 1976.*

The PRESIDENT,
The White House.

THE PRESIDENT: I have the honor to submit to you, with a view to its transmission to the Senate for advice and consent to ratification, the Convention between the United States and the Republic of Korea for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and the Encouragement of International Trade and Investment signed at Seoul June 4, 1976, together with a related exchange of notes.

The Convention with Korea is similar, in all essential respects, to other tax conventions entered into by the United States in recent years, such as the convention with Iceland which entered into force last

year.

The Convention establishes maximum rates of withholding tax in the source country on income payments flowing between the two countries. The rate of withholding tax on portfolio dividends is limited to 15 percent, while on dividends paid by a subsidiary to a parent corporation the rate of tax may not exceed 10 percent. The maximum rate of withholding tax on interest is 12 percent except that interest derived by the Government of one of the Contracting States or by its local authorities or instrumentalities is exempt from withholding at the source. Royalties are subject in general to a 15 percent maximum rate of tax. However, the tax on literary and artistic royalties, including motion picture royalties, is limited to 10 percent.

The provisions of the Convention dealing with the taxation of business and personal service income are essentially the same as in our other recent conventions as are those dealing with definitional and administrative matters. For example, a resident of one country will not be subject to tax in the other country on business profits unless those profits are attributable to a permanent establishment which the resident maintains in the other country. Similarly, for business visitors from one country temporarily present in the other, the host country may tax his income only if certain tests in terms of time spent or amounts earned are met.

One unusual provision of the Convention is found in Article 25, which provides a special exemption from United States social security taxes for Korean residents who are temporarily present in Guam. A similar exemption is provided in the Internal Revenue Code for Philippine residents temporarily present in Guam. The Koreans argued that the Philippine exemption provides an unfair advantage to Philippine residents and the firms which hire them and asked that a similar exemption be written into the Convention for Korean residents. The Convention provides that Korean residents will be exempt from social security taxes only so long as the statutory exemption is in effect for Philippine residents. This provision has the approval of the Department of Health, Education and Welfare.

The Convention and exchange of notes will enter into force on the thirtieth day following the exchange of instruments of ratification. It shall have effect with respect to withholding taxes and with respect to the special exemption from social security taxes to amounts paid on or after the first day of the second month following the date on which the Convention enters into force. With respect to other taxes it shall have effect for taxable years beginning on or after January 1 of the year following the date on which the Convention enters into force. Once in force, the Convention will remain in effect for a minimum of five years and indefinitely thereafter subject to the right of either party to terminate it by giving six-months' notice for that purpose pursuant to the provisions of the Convention.

The exchange of notes is similar in effect to those exchanged in connection with our convention with Trinidad and Tobago in which the United States agrees, when feasible, to resume discussions with Korea with a view toward reaching agreement on a supplementary protocol providing a tax impetus to flows of United States capital and technology to Korea.

A technical memorandum explaining in detail the provisions and effect of the Convention is being

prepared by the Department of the Treasury and will be submitted to the Senate Foreign Relations Committee for consideration in connection with the Convention.

The Department of the Treasury, with the cooperation of the Department of State, was primarily responsible for the negotiation of this Convention. It has the approval of both Departments.

Respectfully submitted,

CHARLES W. ROBINSON.

Enclosure: Convention and exchange of notes.

## LETTER OF TRANSMITTAL

THE WHITE HOUSE, *September 3, 1976.*

*To the Senate of the United States:*

I transmit herewith, for Senate advice and consent to ratification, the Convention signed at Seoul on June 4, 1976, between the Government of the United States of America and the Government of the Republic of Korea for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and the Encouragement of International Trade and Investment, together with a related exchange of notes.

There is no convention on this subject presently in force between the United States and Korea.

The Convention follows generally the form and content of most conventions of this type recently concluded by the United States. Its primary purpose is to identify clearly the tax interests of the two countries to avoid double taxation and to help prevent the illegal evasion of taxation.

For the information of the Senate, I also transmit a covering report of the Department of State with respect to the Convention.

This Convention would promote closer economic cooperation and more active trade between the United States and Korea.

I urge the Senate to act favorably at an early date on this Convention and its related exchange of notes and to give its advice and consent to ratification.

GERALD R. FORD.

## BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

A PROCLAMATION

CONSIDERING THAT:

The Convention between the United States of America and the Republic of Korea for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and the Encouragement of International Trade and Investment was signed at Seoul on June 4, 1976, together with a related exchange of notes, the texts of which are hereto annexed;

The Senate of the United States of America by its resolution of July 9, 1979, two-thirds of the Senators present concurring therein, gave its advice and consent to ratification of the Convention and related exchange of notes

The Convention and related exchange of notes were ratified by the President of the United States of America on July 25, 1979, in pursuance of the advice and consent of the Senate, and was ratified on the part of the Republic of Korea on December 16, 1976;

It is provided in Article 31 of the Convention that the Convention shall enter into force on the thirtieth day following the exchange of instruments of ratification and shall have effect as specified in Article 31;

The instruments of ratification of the Convention were exchanged at Washington on September 20, 1979, and accordingly the Convention, with related exchange of notes, entered into force on October 20, 1979, with effectiveness as specified in Article 31;

NOW, THEREFORE, I, Jimmy Carter, President of the United States of America, proclaim and make public the Convention, with related exchange of notes, to the end that they be observed and fulfilled' with good faith on and after October 20, 1979, by the United States of America and by the citizens of the United States of America and all other persons subject to the jurisdiction thereof.

IN TESTIMONY WHEREOF, I have signed this proclamation and caused the Seal of the United States of America to be affixed.

DONE at the city of Washington this twenty-third day of October in the year of our Lord one thousand nine hundred seventy-nine and of the Independence of the United States of America the two hundred fourth.

By the President:

JIMMY CARTER

WARREN CHRISTOPHER,
*Acting Secretary of State*

CONVENTION BETWEEN THE UNITED STATES OF AMERICA AND THE
REPUBLIC OF KOREA FOR THE AVOIDANCE OF DOUBLE TAXATION
AND THE PREVENTION OF FISCAL EVASION WITH RESPECT TO
TAXES ON INCOME AND THE ENCOURAGEMENT OF INTERNATIONAL
TRADE AND INVESTMENT.

The Government of the United States of America and the Government of the Republic of Korea, desiring to conclude a convention for the avoidance of double taxation of income and the prevention of fiscal evasion and the encouragement of international trade and investment have appointed for that purpose as their respective Plenipotentiaries:

The Government of the United States of America:
His Excellency Richard L. Sneider, Ambassador Extraordinary and Plenipotentiary of the United States of America to the Republic of Korea;

The Government of the Republic of Korea:
His Excellency Park Tong-jin, Minister of Foreign Affairs of the Republic of Korea;

Who, having communicated to each other their full powers, found in good and due form, have agreed upon the following Articles.

## ARTICLE 1
### Taxes Covered

(1) The taxes which are the subject of this Convention are:
    (a) In the case of the United States, the Federal income taxes imposed by the Internal Revenue Code (the United States tax), and
    (b) In the case of Korea, the income tax and the corporation tax (the Korean tax).

(2) This Convention shall also apply to taxes substantially similar to those covered by paragraph (1) which are imposed in addition to, or in place of, existing taxes after the date of signature of this Convention.

(3) For the purpose of Article 7 (Nondiscrimination), this Convention shall also apply to taxes of every kind imposed at the National, state, or local level. For the purpose of Article 28 (Exchange of Information) this Convention shall also apply to taxes of every kind imposed at the National level.

## ARTICLE 2
### General Definitions

by the United States or Korea, reference to the "United States" or "Korea", as the case may be, shall be construed as referring to that area.

(4) The termination in respect of the United States or Korea of this Convention under Article 32 (Termination) shall, unless otherwise expressly agreed by both Contracting States, terminate the application of this Convention to any area to which the Convention has been extended under this Article by the United States or Korea.

## ARTICLE 30
### Assistance in Collection

(1) Each of the Contracting States shall endeavor to collect on behalf of the other Contracting State such taxes imposed by that other Contracting State as will ensure that any exemption or reduced rate of tax granted under this Convention by that other Contracting State shall not be enjoyed by persons not entitled to such benefits.

(2) In no case shall this Article be construed so as to impose upon one of the Contracting States the obligation to carry out measures at variance with the laws, administrative practices, or public policy of either Contracting State with respect to the collection of its own taxes.

## ARTICLE 31
### Entry into Force

This Convention shall be ratified and instruments of ratification shall be exchanged at Washington as soon as possible. It shall enter into force on the thirtieth day following the exchange of instruments of ratification and shall then have effect for the first time:
    (a) As respects the rate of withholding taxes and Article 25 (Exemption from Social Security Taxes), to amounts paid on or after the first day of the second month following the date on which this Convention enters into force;
    (b) As respects other taxes, to taxable years beginning on or after January 1 of the year following the date on which this Convention enters into force.

## ARTICLE 32
### Termination

This Convention shall remain in force until terminated by one of the Contracting States. Either Contracting State may terminate the Convention at any time after 5 years from the date on which this Convention enters into force provided that at least 6 months' prior notice of termination has been given through diplomatic channels. In such event, the Convention shall cease to have force and effect as respects income of taxable years beginning (or, in the case of withholding taxes and social security



**Internal Revenue Service**
www.irs.gov

Paul Martineau
International Agent
ID No. 04-03608
E:1109
1577

1 Montvale Ave.
Stoneham, MA 02180

Office: 781-835-4315    Voice Mail: 1-800-651-6990
E-Mail: Paul.R.Martineau@m1.irs.gov

EXHIBIT 34
sip 9/28/05

Department of the Treasury
Examination Division
1 Montvale Avenue
Stoneham, MA 02180

Telephone Number:
  Voice (781) 835-4315
    Fax (781) 835-4040
Refer Reply To:
  E:1577 PRM
Date: November 26, 2002

Anthony Paolillo, Tax
Wang Laboratories, Inc
290 Concord Road
Billerica, MA 01821

Sir:

   As per our meeting, the final resolution of Competent Authority Case # 96-342-A – Wang Laboratories, Inc., was received on October 29, 2002. The resolution states that the taxpayer has won its' claim that the withholding tax should have not been withheld and given over to the Korean Government. The Korean Government will remit the withholding tax to the Korean withholding agents; mainly LG Semicon, Samsung Electronics and Hyundai Electronics. It is the responsibility of the taxpayer to determine and collect these refunds directly from the withholding agents.

   Based on review of the tax returns filed, the taxpayer deducted the withholding amounts as foreign taxes paid. This amount ($1,854,013) should have been considered a contested liability and no deduction allowed. The taxpayer must make corrective adjustments for this amount. Since the taxpayer has net operating loss carry forwards for all years covered by the Competent Authority Resolution, the decision being made is to have the taxpayer correct their net operating loss carry forwards for this amount based on a schedule which the taxpayer provided Competent Authority. No amended returns are being requested.

   Thank you for your cooperation in this matter. If there are any questions or problems, please feel free to contact me at the above telephone number.

                              Sincerely,

                              Paul Martineau
                              Revenue Agent

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CA NO. 04-12382 (RCL)

```
*******************************************
GETRONICS WANG CO., LLC,                  *
        Plaintiff,                        *
                                          *
v.                                        *
                                          *
HYNIX SEMICONDUCTOR, INC., and            *
SAMSUNG ELECTRONICS CO., LTD.,            *
        Defendants.                       *
*******************************************
```

       DEPOSITION OF ANTHONY P. PAOLILLO, taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, before Susan L. Prokopik, Registered Merit Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the offices of Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts, on Wednesday, September 28, 2005, at 9:19 a.m.

KACZYNSKI REPORTING
72 CHANDLER STREET, SUITE 3
BOSTON, MASSACHUSETTS 02116
(617) 426-6060

1  Q.  Okay.  And then it goes on to say that, "If you,"
2      referring to Wang, "can have the appropriate
3      Korean authorities inform us we don't have to pay
4      the taxes, we'll send the withheld taxes to you."
5          Correct?
6  A.  Correct.  That's what it says, yes.
7  Q.  And then it suggests that "The Korean tax counsel
8      for Wang should handle this."  Goes on to say,
9      "Because Wang is the real party in interest on
10     this issue."
11 A.  Correct.
12 Q.  You would agree with me that Wang was the real
13     party in interest on this issue, correct?
14 A.  I'm not sure what --
15 Q.  What I mean is that --
16 A.  I --
17 Q.  -- Samsung was only a withholding agent for Wang
18     with respect to these taxes which were being
19     withheld.
20 A.  I disagree with the statement.
21 Q.  Okay.  In what way?
22 A.  Well, that Wang's position was that the tax
23     should not have been withheld and that the --
24     Wang's only interest in this was to recoup the

```
 1         royalty payments and that the real party of
 2         interest here became Samsung and -- Samsung
 3         because they're the ones that decided to withhold
 4         this piece.
 5   Q.    Was it your understanding that Samsung didn't
 6         benefit one way or the other from the withholding
 7         of taxes in the sense that it didn't receive --
 8         it didn't keep a portion of those taxes, correct?
 9   A.    Agree.  They did not.  Yes.
10   Q.    Whatever was withheld by Samsung was forwarded to
11         the Korean government, correct?
12   A.    To the best of my knowledge, correct.
13   Q.    And did you understand that in connection with
14         the withholding of taxes that Samsung was
15         essentially an agent, a withholding agent for
16         Wang?
17   A.    If the taxes should have been withheld by --
18   Q.    Yes.
19   A.    By Samsung, then yes, they would become the
20         withholding agent in turning those taxes over.
21   Q.    Okay.  Fine.  And I'm jumping a bit to the end
22         but it's your understanding -- ultimately Wang
23         received a refund of taxes that had been withheld
24         by Samsung, GoldStar, Hyundai, correct?
```