UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GETRONICSWANG CO., LLC, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 04-12382(RCL) |
| HYNIX SEMICONDUCTOR, INC., SAMSUNG ELECTRONICS CO., LTD. | ) |
| Defendants | ) |

**PLAINTIFF'S STATEMENT OF MATERIAL DISPUTED FACTS IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, GetronicsWang Co., LLC ("Getronics"), through its attorneys, Sheehan Phinney Bass + Green, P.A., submits the following statement of material disputed facts in response to Defendants' Local Rule 56.1 Statement of Undisputed Facts submitted with their motion for summary judgment.

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed except to note that the royalties at issue in this case were for Defendants' sale of products solely within the United States. See October 2, 1998 letter from Wang to the United States Internal Revenue Service ("IRS") (describing to the IRS that the royalties at issue in the competent authority proceeding were for Defendants'

sales within the United States), attached as Exhibit 1 to the Affidavit of James P. Harris in support of Plaintiff's Opposition to Defendants' Motion to Summary Judgment ("Second Harris Aff.").

5. Undisputed.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Undisputed.

11. Undisputed.

12. Disputed. Defendants were only entitled to withhold if the taxes were <u>levied</u> by the Korean government, or in the case of the Hyundai Agreement, if levied <u>consistent with</u> the U.S.-Korean tax Treaty. See Hyundai Agreement § 6.10; Goldstar Agreement §7.07; Samsung Agreement §6.07.[1]

13. Undisputed.

14. Undisputed.

15. Undisputed, except to note that the Hyundai Agreement contains the express requirement that taxes should be withheld only if they are levied consistent with the U.S.-Korean tax treaty. Hyundai Agreement § 6.10.

16. Undisputed.

17. Undisputed.

18. Undisputed.

---

[1] The license agreements can be found within Exhibits 1-2 to the Affidavit of James P. Harris ("Harris Aff.") filed in support of Plaintiff's Motion for Summary Judgment.

2

19. Undisputed.

20. Undisputed, except to note that the Hyundai Agreement awards costs and attorneys' fees only in Wang's favor, should Wang incur such costs collecting funds due from Hyundai. See Hyundai Agreement § 10.4.

21. Disputed. Royalty payments for a Korean company's use of technology protected by a U.S. patent is not Korean source income. See Expert Report of ChangNam Ahn (hereinafter "Ahn Report"), attached as Exhibit DD to Affidavit of Bruce S. Barnett in support of Defendants' Motion for Summary Judgment (hereinafter "Barnett Aff.").

22. Disputed. The competent authority proceeding determined that Defendants' withholding was not consistent with the U.S.-Korean Tax Treaty. See Pls.' Concise Statement of Fact ¶ 26.

23. Disputed. This statement is an oversimplification of Korean law. Pursuant to the Hyundai Motor Co. Case, if the royalty payments are for use of a U.S. patent, the Korean resident is not required to withhold taxes.

24. Disputed. Penalties are imposed only if withholding is required.

25. Disputed. The use of the term, "practically impossible," without further clarification, prohibits Plaintiff from responding to Defendants' statement. Further, the statement "a Korean resident. . . should submit to the foreign exchange bank a copy of the [tax certificate]," prohibits Plaintiff from responding without further clarification.

26. Disputed. A Taxes Paid Certificate shows that taxes have been withheld and does not, in and of itself, indicate that taxes have been "duly withheld" or that taxes were withheld "as required by Korean tax laws." See, e.g., Exhibit K to Barnett Aff.

27. Undisputed, except to note that a Competent Authority Proceeding is grounded in effectuating the terms of the U.S.-Korea tax treaty. See Tax Convention With the Republic of Korea, June 4, 1976, Art. 27, attached as Exhibit 9 to Harris Aff. (Permitting a resident of a contracting state to request a competent authority proceeding where the resident considers that the action of one or both of the contracting states results or will result in taxation not in accordance with the treaty.).

28. Disputed in part. The outcome of a Competent Authority Proceeding is binding on residents of the contracting states to the extent that the United States and Korea possess the powers to compel their residents to comply with the disposition of the Competent Authority Proceeding. See Tax Convention With the Republic of Korea, June 4, 1976, Art. 30, attached as Exhibit 2 to Second Harris Aff.[2]; see also Nov. 26, 2002 letter from IRS to Wang, attached as Exhibit 3 to Second Harris Aff. (requiring Wang correct its tax returns based on the result of the competent authority proceeding.). The statement is also not a statement of fact but the statement of an opinion.

29. Undisputed.

30. Undisputed.

31. Undisputed, except to note that Defendants were not required to withhold taxes from the royalty payments.

32. Undisputed.

33. Undisputed.

34. Undisputed.

---

[2] Art. 30: "(1) Each of the Contracting States shall endeavor to collect on behalf of the other Contracting State such taxes imposed by that other Contracting State as will ensure that any exemption or reduced rate of tax granted under this Convention by that other Contracting State shall not be enjoyed by persons not entitled to such benefits."

35. Undisputed.

36. Undisputed.

37. Undisputed.

38. Undisputed.

39. Undisputed.

40. Undisputed.

41. Undisputed. The amount of gross royalties, taxes withheld, and net royalties paid are not relevant to Defendants' motion for summary judgment. They are, however, relevant to Plaintiff's motion for summary judgment. The amounts are not disputed.

42. Undisputed.

43. Undisputed.

44. Undisputed except to note that the documents referred to speak for themselves.

45. Undisputed except to note that the documents referred to speak for themselves.

46. Undisputed.

47. Undisputed except to note that the documents referred to speak for themselves and that the statement by the Ministry of Finance contradicts the holding of the Hyundai Motor Co. Case.

48. Undisputed.

49. Undisputed in part. It is undisputed that Samsung paid to the NTS taxes it withheld from royalty payments due to Wang, but Getronics disputes the remaining allegations.

50. Undisputed.

51. Undisputed except to note that the documents referred to speak for themselves.

52. Undisputed.

53. Undisputed.

54. Disputed. The outcome of a Competent Authority Proceeding is binding on residents of the contracting states to the extent that the United States and Korea possess the powers to compel their residents to comply with the disposition of the Competent Authority Proceeding. See Tax Convention With the Republic of Korea, June 4, 1976, Art. 30, attached as Exhibit B to Second Harris Aff.; see also Nov. 26, 2002 letter from IRS to Wang, attached as Exhibit C to Second Harris Aff. (requiring Wang correct its tax returns based on the result of the competent authority proceeding.). The statement is also not a statement of fact but the statement of an opinion.

55. Undisputed except to the characterization of Defendants as "withholding agents for Wang."

56. Undisputed as to the date of the communication.

57. Undisputed except to note that Defendants have selected a narrow portion of the document and the remainder of the document speaks for itself.

58. Undisputed except to note that the documents referred to speak for themselves.

59. Undisputed except to note that the documents referred to speak for themselves.

60. Undisputed.

61. Disputed in part. Defendants profited from the license agreement arrangement to the extent they collected profits on goods they sold utilizing Wang's U.S. patent.

Respectfully submitted,

GETRONICSWANG CO., LLC

By its attorneys,

SHEEHAN PHINNEY BASS +
GREEN, PA


Date: February 3, 2006            /s/ Michael C. Harvell_____
                                  Michael C. Harvell (Pro Hac Vice)
                                  One Boston Place, 38th Floor
                                  Boston, MA 02108
                                  (617) 897-5600

Date: February 3, 2006            /s/ Maria Recalde_____
                                  Maria Recalde, (BBO# 552831)
                                  One Boston Place, 38th Floor
                                  Boston, MA 02108
                                  (617) 897-5600

**CERTIFICATE OF SERVICE**

      I, Maria E. Recalde, hereby certify that the foregoing Statement of Material Disputed Facts In Opposition to Defendants' Motion for Summary Judgment was served on Robert P. Sherman, Esq., DLA Piper Rudnick Gray Cary LLP, One International Place, Boston, Massachusetts 02110, robert.sherman@dlapiper.com through Electronic Case Filing, this 3rd day of February, 2006.

                                                              /s/ Maria E. Recalde
                                                              Maria E. Recalde

g:\jharris\getronics (harvell)\opp. defs msj disp. facts.doc