UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GETRONICSWANG CO., LLC,

Plaintiff,

v.

HYNIX SEMICONDUCTOR, INC. and
SAMSUNG ELECTRONICS CO., LTD.

Defendants.

Civil Action No. 04-12382 (RCL)

## SECOND AFFIDAVIT OF BRUCE S. BARNETT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Bruce S. Barnett, depose and state as follows:

1)      I am an attorney with DLA Piper Rudnick Gray Cary US LLP and am counsel to the defendants in this action.

2)      Attached as Exhibit A are true and correct copies of letters from D.S. Chung to Anthony Paolillo dated December 30, 2002; January 14, 2003; January 18, 2003; and February 5, 2003, which were produced by plaintiff GetronicsWang Co., LLC ("Wang") in this action.

3)      Attached as Exhibit B are true and correct copies of a letter from Young-Sung Min to Anthony Paolillo dated December 31, 2002, and a memorandum from Song Hyon Cho to Anthony Paolillo dated February 10 ,2003, each of which was produced by Wang in this action.

4)      Attached as Exhibit C is a true and correct copy of a portion of the deposition testimony of Anthony P. Paolillo in this matter.

Signed under the penalties of perjury this __th day of February, 2006.

_____
Bruce S. Barnett

# EXHIBIT A

**hynix**                                                                 Hynix Semiconductor Inc.

---

**Via Facsimile 978-625-4520 &**                    Hynix Semiconductor Youngdong Bldg
    **Confirmation By Airmail** ·                    891, Daechi-dong, Kangnam-gu
                                                    Seoul, 135-738, Korea
                                                    Tel : (82-2)3459-3013
                                                    Fax : (82-2)3459-3554/5

**December 30, 2002**

Mr. Anthony P. Paolillo
Director of Taxes
Getronics Wang Co., LLC
290 Concord Road
Billerica, MA 01821-4130
U. S. A.

Dear Mr. Paolillo:

Your letter dated December 16, 2002 to Mr. H. R Chung was forwarded to me for the response.

First of all, we have not been noticed that our SIMMs License Agreement with Wang Laboratories, Inc was assigned to Getronics Wang Co., LLC.  Please provide your formal notice of assignment with the legal status information of your company and Wang Laboratories, Inc.

Second, we heard that Korean and the U.S. competent authorities have reached a mutual agreement that all payments to Wang Laboratories, Inc based on SIMMs License Agreement are sourced in the United States and all of the taxes withheld would be refunded.  However, with respect to the actual amount to be refunded, NTS calculated it applying different exchange rates at the time of respective payments.  Therefore, the amount you will receive will be lesser than that you mentioned in your letter.  For your information, we attach a chart showing difference.

Lastly, please note that, as mentioned in U.S. IRS' letter of October 16, 2002, we understand that this agreement is for the period until present and no interest thereof would be refunded. In that regard, please be advised that we have no basis to follow your request regarding future royalty and the interest.

Please let us know if you have any question.

Very truly yours,

D. S. Chung
Vice President
Intellectual Property Rights

Enclosure.

GW0000000434

HYNIX SEMICONDUCTOR INC
KOREA/U.S. COMPETENT AUTHORITY REQUEST
ROYALITIES REMITTED 1992 - October 2002

| Company | Date (Remittance) | Gross Royalty | Wang Calculation Tax withheld (US$) | Exchange Rate | Hynix Calculation Tax withheld (Won) |
|---|---|---|---|---|---|
| Hyundai | 93.08.25 | $ 800,000 | $129,000 | 812.30 | 104,786,700 |
| (Hynix) | 95.03.07 | $ 3,987 | $643 | 791.79 | 509,040 |
| TOTAL | | $ 803,987 | $129,643 | | 105,295,740 |

HYN 000071

Hynix Semiconductor Inc.

Via Facsimile 978-625-4520

Hynix Semiconductor Youngdong Bldg
891, Daechi-dong, Kangnam-gu
Seoul, 135-738, Korea
Tel. (82-2)3459-3013
Fax : (82-2)3459-3554/5

January 14, 2003

Mr. Anthony P. Paolillo

Director of Taxes

Getronics Wang Co., LLC

290 Concord Road

Billerica, MA 01821-4130

U. S. A.


Dear Mr. Paolillo:


We received your letter of January 3, 2003.


Responding to your position on the actual amount to be refunded, we paid our royalty in United States dollars after withholding Korean taxes as required under Sections 6.4 and 6.10 of the SIMM License. Thanks to the agreement between U.S. IRS and Korean NTS, however, you are now to receive those taxes withheld by Korean NTS. Since we serve only as a conduit for the refund of those taxes to Wang, we will refund just as much as our NTS does to us. If this is not acceptable to you, I think you had better contact Korean NTS directly or through U.S. IRS.


We will soon make the tax refund in the manner as we advised you in my previous letter


Very truly yours,

D. S. Chung
Vice President
Intellectual Property Rights


JAN 14 '03 03:39

PAGE.01

GW0000000417



# Hynix Semiconductor Inc.

**Via Facsimile 978-625-4520**

Hynix Semiconductor Youngdong Bldg
891. Daechi-dong, Kangnam-gu
Seoul, 135-738, Korea
Tel : (82-2)3459-3013
Fax : (82-2)3459-3554/5

**January 18, 2002**

Mr. Anthony P. Paolillo
Director of Taxes
Getronics Wang Co., LLC
290 Concord Road
Billerica, MA 01821-4130
U. S. A.

Dear Mr. Paolillo:

We received your letter of January 14, 2003.

Recently, we also learned that the withholding tax paid by LG Semicon Co., Ltd. would be refunded to Hynix. The attached table shows the total refund to you, but you will find it slightly different from your calculation.

As I already advised you of the actual amount to be refunded, we have no other choice but to remit the same amount that we will receive from NTS. We have same problems with other U.S. companies, but all of them agreed to receive as our NTS refunds to us.

We will remit the refund to your account as we receive all from NTS.

Very truly yours,

D. S. Chung
Vice President
Intellectual Property Rights

**HYN 000077**

Hynix Semiconductor Inc.

**Via Facsimile 978-625-5150 & DHL**

Hynix Semiconductor Youngdong Bldg
891, Daechi-dong, Kangnam-gu
Seoul, 135-738, Korea
Tel : (82-2)3459-3013
Fax : (82-2)3459-3554/5

**February 5, 2003**

Mr. Anthony P. Paolillo
Director of Taxes
Getronics Wang Co., LLC
290 Concord Road
Billerica, MA 01821-4130
U. S. A.

Dear Mr. Paolillo:

We received your letter of January 29, 2003.

We sent a letter on January 18, 2003, attached hereto, to your fax number 978-625-4520 in response to your letter of January 14, 2003.   We have not received your letter of January 17, 2003, which was mentioned in your previous letter, and please resend it.

We plan to make the payment of Korean Won 254,671,278 next week and that would be the whole payment we can make rather than a partial payment.

We also would like an amicable resolution but please understand our position as explained in my previous letter, to which other U.S. companies agreed.   In this regard, as suggested in my January 14, 2003 letter, we recommend you to directly contact Korean NTS to resolve this matter.

Very truly yours,

D. S. Chung
Vice President
Intellectual Property Rights

GW0000000404

# EXHIBIT B



ELECTRONICS

December 31, 2002

Anthony P. Paolillo
Getronics Wang Co., LLC
290 Concord Road
Billerica, MA 01821-4130, U.S.

Dear Mr. Paolillo

My name is Young-Sung Min, Chief of the International Accounting Group of Samsung Electronics Co,. Ltd.. I was informed from Mr. Choi about your memorandum dated December 16. As this matter has been administered by my team, I hereby respond to your memo myself. (Please contact me from now on about this issue.)

As described in your memorandum, we were informed that Korea/US Competent Authority Discussion was finalized in relation to withholding taxes imposed upon SEC's royalty payment remitted to your company.

We were notified that according to the agreed condition between both government authorities, the withholding taxes you paid would be refunded to you through mediation of SEC. It was also commented that the KNTS can not directly contact foreign tax payer for refunding purpose when there is Korean entity who made the concerned withholding on behalf of the tax payer.

Under this situation, we have been continuing necessary discussions with KNTS to get the due refund on your behalf. It would be appreciated if you understand that the refund should be made from several different regional tax offices and civil service authorities (for resident surtaxes) because the jurisdiction is divided among several districts responsible for operation sites of our company.

Through toilsome compiling of the relevant receipts and evidences for the concerned period for submission to those authorities, as of now we have managed to succeed in getting all of the refunds applied for the corporate income taxes, and also almost all of the resident surtaxes.

GW0000000864

While we are remitting the money collected (₩297,403,878) to your account below today(December 31, 2002).

Fleet Boston
ABA 011-000-138
Account No. 936-356-4615

While taking necessary steps for refund on your behalf, we would like to point out that you need to know the fact that the KNTS is making their tax refund not on USD basis but on Korean Won basis, which was the original currency the withholding tax was collected in. Therefore, though the refundable amount is the same, the USD denominated amount you can eventually get after our remittance will be smaller than you were originally charged. (Applied exchange rate is about ₩1,197.20 per $1, while it was ranging from ₩790 to ₩840 per $1 when withheld.)

We were also told that both parties agreed there would not be any consideration for interests upon the refundable taxes. In addition, as this refund was made through political settlement between both governments, details of which are regarded strictly confidential against the public, and the validity of the accord will not be extended over the clearly specified span of taxable period, it is our position that it is not appropriate for us to be responsible for any material issues arising from this matter and that we can not help but make withholdings for future payments according to the regulatory standard of current Korean tax law without consideration of the implication of this refund.

Therefore, while promising to take the best efforts to help you get the most favorable outcome, we ask your kind understanding that you are to directly contact the tax authorities of your company for any uncertainties or difficulties in relation to this matter.

Best regards,

Young-Sung Min
Senior Manager
International Accounting Group
Corporate Accounting Team

GW0000000865

*In Front to request to Stu (illegible) system*



SAMSUNG ELECTRONICS CO., LTD.
Samsung Main Bldg.
250, 2-Ga, TaePyung-Ro, Chung Ku,
Seoul, Korea 100-742
Tel.02-727-7605   Fax.727-7627,7669

ELECTRONICS

# MEMORANDUM

FACSIMILE

| | | |
|---|---|---|
| To | : | Mr. Anthony P. Paolillo |
| | | Director of Taxes |
| | | Getronics Wang Co., LLC |
| | | |
| From | : | S. H. Cho |
| | | Senior Manager, International Accounting Group |
| Date | : | February 10, 2003    Pages   3   (Cover Included) |
| Re | : | Tax Refund |

Dear Mr. Paolillo :

My name is Song Hyon Cho.  I have been working on international tax issues under Mr. Min's charge.

Due to internal transfer of Mr. Min to different division in January, I'm responding to your memos dated Jan 3 and Jan 29, 2003.

Upon reviewing your memos, it struck to me that, to our disappointment, it seems quite doubtful that you have a clear understanding about the overall setting we are in conjunction with this tax refund issue.

More specifically, as Mr. Min already pointed out, I would like to stress again the fact that what you are receiving from KNTS through our mediation is not the royalty but the tax you paid, which was politically agreed between both governments to be transferred to IRS after lengthy negotiation. As you know well, we have absolutely no understanding about the substance of that bi-governmental negotiation.  We are only fulfilling the request of KNTS to provide them with relevant information and evidences to fix the refundable amount and to relay the money received in our account from KNTS to yours as soon as possible.  I understand that your company, as well as Samsung Electronics, is also to be used as channel of that tax transfer between authorities.

If you can understand the above nature of this Competent Authority negotiation procedure, I believe you can well embrace our position that you should discuss any material issues you may have with IRS, the right party who is fully responsible for every substantial detail of the bi-governmental negotiation.

GW0000000066

In addition, it seems also wrong that you are alleging that we benefited from exchange rate fluctuation for the refunded tax amount. If there is someone who did, it could be the KNTS but not our company, assuming that the value of tax charged should be re-stated in USD, which seems also meaningless for KNTS. I personally think that as the nature of this conflict was in re-distributing of the cross-border taxes between both governments, the exchange rate contingencies should be attributed to the tax authorities instead of the related taxpayers. Anyway, it is impossible for us to remit more money than what was assigned to us by KNTS. Under the situation KNTS calculated the refundable amount in Korean Won, we have no other way but to relay it to you in the same value of USD.(KNTS confirmed that our approach is correct.)

Furthermore, frankly speaking, it would be appreciated if you consider the situation that we have been assuming significant burden of valueless workload in this matter only for your benefit(more precisely, for IRS' benefit) which is depriving tremendous time, manpower and cost of our team.

Meanwhile, we are considering to make an additional filing for further refund for those cases omitted from the first application because we couldn't find relevant evidences essential for application as required. If you can provide any information or evidence helpful for identification of your tax payment, we will do our best for you to get the most favorable outcome. (Some other licensors actually sent us evidentiary materials for such purpose.)

I hope the above clarification can well satisfy you.


Best regards,

Song Hyon Cho
Senior Manager
International Accounting Group
Accounting Team

GW0000000068

Samsung Electronics Co,. Ltd
Details of Tax Refund

*WON* (handwritten)

| | | | | | |
|---|---|---|---|---|---|
| 1993-03-02 | | 892,470 | 1,064,048 | 136,918,952 | 127,366,510 | 9,552,442 |
| 1993-08-31 | | 653,926 | 548,480 | 85,579,590 | 79,608,950 | 5,970,640 |
| 1994-08-30 | | 97,930 | 82,138 | 12,708,631 | 11,822,001 | 886,630 |
| 1995-08-29 | | 381,510 | 319,991 | 47,849,065 | 44,510,756 | 3,338,309 |
| 1996-02-29 | | 75,423 | 62,978 | 9,754,223 | 8,867,471 | 886,752 |
| 1996-08-29 | | 33,851 | 28,265 | 4,593,408 | 4,175,818 | 417,590 |

(handwritten notes:)

297,403,865

|  | Samsung | GWC |
|---|---|---|
| 3/2/93 | 136,918,952 | |
| 8/31/93 | 85,579,590 | 81,258,866 |
| 8/30/94 | 12,708,631 | 12,459,093 |
| 8/29/95 | 47,849,065 | 4,829,630 |
| 2/29/96 | 9,754,223 | |
| 8/29/96 | 4,593,408 | |

3/1/92          105,198,234
6/25/92         315,451,450
8/2/92          139,730,848
3/3/95          12,127,895
3/1/94          19,161,184

297,403,865      757,721,850

460,317,381

GW0000000067

# EXHIBIT C

PAOLILLO-9/28/05

Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA NO. 04-12382 (RCL)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
GETRONICS WANG CO., LLC,                    \*
          Plaintiff,                        \*
                                            \*
                                            \*
v.                                          \*
                                            \*
                                            \*
HYNIX SEMICONDUCTOR, INC., and              \*
SAMSUNG ELECTRONICS CO., LTD.,              \*
          Defendants.                       \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

          DEPOSITION OF ANTHONY P. PAOLILLO,
taken pursuant to Rule 30(b)(6) of the Federal
Rules of Civil Procedure, before Susan L.
Prokopik, Registered Merit Reporter and Notary
Public in and for the Commonwealth of
Massachusetts, at the offices of Nixon Peabody
LLP, 100 Summer Street, Boston, Massachusetts, on
Wednesday, September 28, 2005, at 9:19 a.m.

          KACZYNSKI REPORTING
     72 CHANDLER STREET, SUITE 3
     BOSTON, MASSACHUSETTS 02116
          (617) 426-6060

PAOLILLO-9/28/05

Page 138

1    Upon reviewing our returns, Mr.
2    Martineau came back and said since we had
3    significant net operating losses that we were
4    constantly carrying forward that all we would
5    need to do in that case is to adjust that net
6    operating losses for the years in question,
7    either to adjust it in total or adjust it just a
8    specific period so he left it up to us. As long
9    as we adjusted it and reflected it on our net
10   operating loss schedules.
11         That was the extent of the meeting.
12   The meeting was more a review than a meeting.
13   Q. I see. So his role, Mr. Martineau's role was not
14      with respect to the Competent Authority
15      proceeding?
16   A. Not at all.
17   Q. But rather with respect to the tax returns of
18      Wang --
19   A. Exactly.
20   Q. -- and the adjustment of those tax returns, if
21      necessary, right?
22   A. Exactly.
23   Q. And as far as you knew, Mr. Martineau didn't have
24      any responsibility for the Competent Authority

Page 139

1      proceeding?
2    A. Not at all. Like I said, his role was just a
3      field agent to come out to verify how we handled
4      this on the return.
5    Q. Okay. And so you don't rely on anything that Mr.
6      Martineau may have said in this letter in support
7      of your claim?
8    A. I'm not sure I would say that other than -- I'm
9      not sure I would not -- I'm not sure I would say
10     that I wouldn't rely on anything he said here.
11   Q. Well, what would --
12   A. I'm not -- to just give a blanket statement, he
13     is an IRS agent. He is trying to state --
14     granted that he is not a Competent Authority
15     agent other than he's required just to verify the
16     return piece.
17   Q. Okay. But you've acknowledged to me that he was
18     not -- Mr. Martineau was not involved in the
19     Competent Authority proceeding, correct?
20   A. He was not.
21   Q. He didn't have responsibility for the Competent
22     Authority proceeding?
23   A. Correct.
24   Q. And his only role was to verify the tax treatment

Page 140

1      in Wang's tax returns of the deductions that had
2      been made?
3    A. Correct.
4    Q. Okay.
5    A. That's it.
6    Q. So you would agree with me that his own
7      statements about what happened in the Competent
8      Authority proceeding are not the -- can't be
9      relied upon?
10   A. I would say that they do not reflect what went on
11     as part of the Competent Authority.
12   Q. That's fine.
13         (12/16/02 letter marked Exhibit No.
14     35.)
15         (12/16/02 letter marked Exhibit No.
16     36.)
17         (12/16/02 letter marked Exhibit No.
18     37.)
19   Q. I'm going to show you Exhibits 34 through -- 35
20     through 37, each of which is a letter of December
21     16, 2002 from you. 35 to Hynix Semiconductor, 36
22     to LG Electronics and 37 to Samsung Electronics,
23     correct?
24   A. Correct.

Page 141

1    Q. And with the exception of some -- of a number in
2      each of them, they're the exact same letter,
3      correct?
4    A. Correct.
5    Q. Okay. And just so the record is clear, Hynix
6      Semiconductor was formerly known as Hyundai
7      Electronics Industries Company Limited. That's
8      your understanding, correct?
9    A. Yes, yes.
10   Q. And the original license agreement had been
11     between Wang and Hyundai, which was now known as
12     Hynix?
13   A. (Witness nods.)
14   Q. Right?
15   A. Correct.
16   Q. Okay. And this is your letter advising the --
17     each of the companies about the resolution of the
18     negotiation between the United States Government
19     and Korean National Tax Authority on the
20     Competent Authority request, right?
21   A. Correct.
22   Q. Okay. And you referred to this as a mutual
23     agreement, which it is, correct? Which it was?
24   A. I took the wording out of the --

36 (Pages 138 to 141)