UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GETRONICSWANG CO., LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12382(RCL) |
| ) | |
| HYNIX SEMICONDUCTOR, INC., ) | |
| SAMSUNG ELECTRONICS CO., ) | |
| LTD. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S ASSENTED-TO MOTION FOR RECONSIDERATION**

Plaintiff, GetronicsWang Co., LLC ("Getronics"), through its attorneys, Sheehan Phinney Bass + Green, P.A., respectfully requests that the Court reconsider its March 7, 2006 order denying Plaintiff's assented-to motion for leave to file a surreply memorandum of law in this matter.

1. On February 23, 2006, the Court granted Defendants leave to file a reply brief in support of their motion for summary judgment.[1]

2. On February 28, 2006, Plaintiff filed an assented-to motion seeking leave to file a surreply. Plaintiff's assented-to motion inadvertently characterized the proposed surreply as a pleading in support of Plaintiff's motion for summary judgment. In actuality, the surreply is targeted to address issues raised by Defendants in their reply

---

[1] Plaintiff assented to Defendants' request for leave to file a reply. Similarly, Defendants assented to Plaintiff's request for leave to file a surreply.

brief and is in opposition to Defendants' Motion for Summary Judgment. Plaintiff fears this mislabeling misguided the Court as to the relief requested.

    3.    A surreply is necessary to clarify the law regarding the statute of limitations defense relied upon by Defendants. In their reply brief, Defendants argued that despite their payments to Getronics in 2003, they contested the amounts owed to Getronics. Defendants assert that their contesting the amounts owed prevents the restarting of the limitations period. A surreply is necessary because Defendants' unequivocal acknowledgements of their debts to Getronics is sufficient under the case law to restart the limitations period, even though they contested the amounts claimed by Getronics. The surreply will afford the Court with a more complete view of the law regarding acknowledgements of debts and their effect on statutes of limitations.

    4.    A surreply is also necessary to clarify for the Court that Getronics' Exchange Rate Claim accrued in 2002-2003, when Defendants made payments to Getronics, and applied a currency conversion rate other than the one required by the License Agreements.

    5.    Finally, the proposed surreply will clarify the effect of the competent authority disposition as it relates to Defendants' affirmative defense that their breaches of the License Agreements should be excused.

    6.    Counsel for Defendants assents to the relief requested herein, namely, for the Court to accept Plaintiff's surreply.

WHEREFORE, Getronics respectfully requests that this Court reconsider its order denying Plaintiff leave to file a short surreply.[2]

---

[2] After Plaintiff filed its assented-to motion for leave to file a surreply but before the Court's March 7, 2006 order, Plaintiff electronically filed its surreply.

        Respectfully submitted,

        GETRONICSWANG CO., LLC

        By its attorneys,

        SHEEHAN PHINNEY BASS + GREEN, PA

Date:  March 9, 2006        /s/ Michael C. Harvell
        Michael C. Harvell (Pro Hac Vice)
        One Boston Place, 38th Floor
        Boston, MA 02108
        (617) 897-5600

Date: March 9, 2006        /s/ Maria Recalde
        Maria Recalde, (BBO# 552831)
        One Boston Place, 38th Floor
        Boston, MA 02108
        (617) 897-5600

## CERTIFICATE OF SERVICE

I, Maria E. Recalde, hereby certify that the foregoing Motion for Reconsideration was served on Robert P. Sherman, Esq. and Bruce S. Barnett, Esq., DLA Piper Rudnick Gray Cary LLP, One International Place, Boston, Massachusetts 02110, robert.sherman@dlapiper.com and bruce.barnett@dlapiper.com through Electronic Case Filing, this 28th day of February, 2006.

        /s/ Maria E. Recalde
        Maria E. Recalde