UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GETRONICSWANG CO., LLC,
Plaintiff,

v.

HYNIX SEMICONDUCTOR, INC., and
SAMSUNG ELECTRONICS CO., LTD.,
Defendants.

Civil Action No. 04-12382 (RCL)

**MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

In accordance with F. R. Civ. P. 54(d)(2)(B), Samsung Electronics Co., Ltd. ("Samsung") and Hynix Semiconductor, Inc. ("Hynix") respectfully move for the award of attorneys' fees and costs in connection with the above-referenced matter. In support of this motion, Samsung and Hynix state as follows:

1. On May 30, 2006, this Court granted defendants Samsung and Hynix's motion for summary judgment on all of the claims of plaintiff GetronicsWang ("Wang"). On May 31, the Court entered judgment for Samsung and Hynix.

2. The plaintiff's claims – for which the defendants were granted summary judgment – arose out of patent license agreements entered between Wang and Samsung, Wang and Goldstar Electron Co., Ltd. and Wang and Hyundai Electronics Industries Co., Ltd. In 1999, Hynix, the current name of Hyundai Electronics Co., Ltd., acquired Goldstar from LG Electronics.

3. The Wang-Samsung and Wang-Goldstar license agreements have identical sections, 6.05 and 7.05 respectively, which provide for the prevailing party in a lawsuit involving the Agreement to collect from the losing party costs of suit and collection, including attorneys' fees. The provisions read as follows:

> Except in the case of Wang's petition in ITC, in the event it is necessary for either party to commence legal proceedings to enforce this Agreement, or to collect payments hereunder, the winning party shall be entitled to recover from the losing party its costs of suit and collection, including attorneys' fees.

4. As prevailing parties, Samsung and Hynix, on behalf of Goldstar, are entitled to collect their attorneys' fees and costs of this action. By letter dated June 6, 2006, attached hereto as Exhibit A, I notified Wang's counsel of the intention of Samsung and Hynix to seek attorneys' fees and costs in accordance with the License Agreements. I received a response from Attorney Harvell on June 12, 2006 which is attached as Exhibit B.

5. This action was commenced in November 2004. Since that date, Wang and Hynix have incurred attorneys' fees in the approximate total amount of $275,217.00 and costs in the approximate amount of $25,000. As Samsung and Hynix were represented jointly, each was charged, with certain limited exceptions, one-half of all of the incurred fees and costs.

6. Samsung and Hynix are prepared to provide supporting affidavits and documentation supporting incurred fees and costs if requested by the Court.

Accordingly, Samsung and Hynix request this Court allow this motion and order Wang to pay their attorneys' fees and costs as set forth above.

Respectfully submitted

HYNIX SEMICONDUCTOR, INC. and
SAMSUNG ELECTRONICS CO., LTD.,

By their attorneys,

/s/ Robert P. Sherman

Robert P. Sherman (BBO #458540)
Bruce S. Barnett (BBO#647666)
DLA Piper Rudnick Gray Cary US LLP
One International Place
Boston, MA 02110
617-406-6000

Dated: June 14, 2006

**EXHIBIT A**



**DLA Piper Rudnick Gray Cary US LLP**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
**T** 617.406.6000
**F** 617.406.6100
**W** www.dlapiper.com

ROBERT P. SHERMAN
robert.sherman@dlapiper.com
**T** 617.406.6035

June 6, 2006

VIA FACSIMILE (603/627-8121)
AND FIRST-CLASS MAIL

Michael C. Harvell, Esq.
Sheehan Phinney Bass + Green, PA
1000 Elm Street
P.O. Box 3701
Manchester, NH 03105-3701

Re: *GetronicsWang Co., LLC v. Hynix Semiconductor, Inc. and Samsung Electronics Co., Ltd.*
U.S. District Court Civil Action No. 04-12382 (RCL)

Dear Michael:

I am writing to inform you that Samsung Electronics Co., Ltd. ("Samsung") and Hynix Semiconductor, Inc. ("Hynix") the successor in interest to Goldstar Electron Co., Ltd. intend to pursue their respective claims for attorneys' fees and costs incurred in connection with the above-referenced matter as provided for in the License Agreements.

On May 30, 2006, Judge Lindsay granted the defendants' motions for summary judgment and entered judgment for Samsung and Hynix. The license agreements entered into between Wang and Samsung and Wang and Goldstar Electron Co., Ltd. provide for the prevailing party in a lawsuit involving the Agreements to collect from the losing party costs of suit and collection, including attorneys' fees. I direct your attention to Section 6.05 of the Wang-Samsung agreement and Section 7.05 of the Wang-Goldstar agreement, each of which provide as follows:

> "Except in the case of Wang's petition in ITC, in the event it is necessary for either party to commence legal proceedings to enforce this Agreement, or to collect amounts due hereunder, the winning party will be entitled to recover from the losing party its costs of suit and collection, including attorneys' fees."

I should also point that at the deposition of Wang by its designee, Mr. Paolillo, he confirmed with respect to 6.05 of the Samsung agreement – which is identical to the provision in

~BOST1:421493.v1
359826-1





the Goldstar agreement – that in the event that the defendants prevailed in this case, they would be entitled to collect their attorneys' fees and costs. While the Wang-Hyundai agreement contains a provision regarding costs and attorneys' fees, the provision in this agreement only permits Wang to collect attorneys' fees in the event of a proceeding with respect to the agreement and for this reason, this claim is not being made by Hynix as successor in interest to Hyundai but rather as successor to Goldstar.

I do not yet have an exact figure as the amount of fees and costs incurred by the defendants to which they are entitled. I am collecting that information now. My purpose in writing today is to inform you of the intention of Samsung and Hynix to enforce the losers pay provision and to ask you to consider with your client whether it will be necessary for us to file a motion with the Court or whether we may be able to proceed to collect those fees and costs without the aid of the Court.

I look forward to hearing from you.

Very truly yours,

Robert P. Sherman

RPS/jmm

~BOST1:421493.v1
359826-1

**EXHIBIT B**

SHEEHAN
PHINNEY
BASS +
GREEN
PROFESSIONAL ASSOCIATION



ATTORNEYS AT LAW

MANCHESTER
1000 ELM STREET
MANCHESTER, NH
03101
T 603 668-0300
F 603 627-8121

CONCORD
TWO EAGLE SQUARE
CONCORD, NH
03301
T 603 223-2020
F 603 224-8899

LEBANON
46 CENTERRA PARKWAY
LEBANON, NH
03766
T 603 643-9070
F 603 643-3679

BOSTON
ONE BOSTON PLACE
BOSTON, MA
02108
T 617 897-5600
F 617 439-9363

WWW.SHEEHAN.COM

**Writer's Direct Dial:**
**(603) 627-8133**
**mharvell@sheehan.com**

June 12, 2006

**Via Facsimile: (617) 406-6135**
**and First Class Mail**

Robert P. Sherman, Esquire
DLA Piper Rudnick Gray Cary
One International Place, 21st Floor
Boston, MA 02110-2613

Re: GetronicsWang Co., LLC ("Getronics") v. Samsung Electronics Co., Ltd. ("Samsung"), et al and Hynix Semiconductor ("Hynix")

Dear Rob:

With respect to your letter of June 6, 2006 about the attorney's fees, GetronicsWang is still evaluating its options and you should therefore take whatever action is necessary.

Very truly yours,

Michael C. Harvell

MCH/cas
Enclosure