**EXHIBIT A**



**DLA Piper Rudnick Gray Cary US LLP**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

ROBERT P. SHERMAN
robert.sherman@dlapiper.com
T 617.406.6035

June 6, 2006

VIA FACSIMILE (603/627-8121)
AND FIRST-CLASS MAIL

Michael C. Harvell, Esq.
Sheehan Phinney Bass + Green, PA
1000 Elm Street
P.O. Box 3701
Manchester, NH 03105-3701

    Re:    *GetronicsWang Co., LLC v. Hynix Semiconductor, Inc. and Samsung Electronics Co., Ltd.*
           U.S. District Court Civil Action No. 04-12382 (RCL)

Dear Michael:

    I am writing to inform you that Samsung Electronics Co., Ltd. ("Samsung") and Hynix Semiconductor, Inc. ("Hynix") the successor in interest to Goldstar Electron Co., Ltd. intend to pursue their respective claims for attorneys' fees and costs incurred in connection with the above-referenced matter as provided for in the License Agreements.

    On May 30, 2006, Judge Lindsay granted the defendants' motions for summary judgment and entered judgment for Samsung and Hynix. The license agreements entered into between Wang and Samsung and Wang and Goldstar Electron Co., Ltd. provide for the prevailing party in a lawsuit involving the Agreements to collect from the losing party costs of suit and collection, including attorneys' fees. I direct your attention to Section 6.05 of the Wang-Samsung agreement and Section 7.05 of the Wang-Goldstar agreement, each of which provide as follows:

> "Except in the case of Wang's petition in ITC, in the event it is necessary for either party to commence legal proceedings to enforce this Agreement, or to collect amounts due hereunder, the winning party will be entitled to recover from the losing party its costs of suit and collection, including attorneys' fees."

    I should also point that at the deposition of Wang by its designee, Mr. Paolillo, he confirmed with respect to 6.05 of the Samsung agreement – which is identical to the provision in



**DLA PIPER RUDNICK GRAY CARY**

Michael C. Harvell, Esq.
June 6, 2006
Page 2

the Goldstar agreement – that in the event that the defendants prevailed in this case, they would be entitled to collect their attorneys' fees and costs. While the Wang-Hyundai agreement contains a provision regarding costs and attorneys' fees, the provision in this agreement only permits Wang to collect attorneys' fees in the event of a proceeding with respect to the agreement and for this reason, this claim is not being made by Hynix as successor in interest to Hyundai but rather as successor to Goldstar.

I do not yet have an exact figure as the amount of fees and costs incurred by the defendants to which they are entitled. I am collecting that information now. My purpose in writing today is to inform you of the intention of Samsung and Hynix to enforce the losers pay provision and to ask you to consider with your client whether it will be necessary for us to file a motion with the Court or whether we may be able to proceed to collect those fees and costs without the aid of the Court.

I look forward to hearing from you.

Very truly yours,

Robert B. Sherman

RPS/jmm

~BOST1:421493.v1
359826-1