UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GETRONICSWANG CO., LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12382(RCL) |
| ) | |
| HYNIX SEMICONDUCTOR, INC., ) | |
| SAMSUNG ELECTRONICS CO., ) | |
| LTD. ) | |
| ) | |
| Defendants ) | |
| ) | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiff, GetronicsWang Co., LLC ("Getronics"), through its attorneys, Sheehan Phinney Bass + Green, P.A., hereby objects to Defendants' Motion for Award of Attorneys' Fees and Costs. In support thereof, Plaintiff states as follows:

1. During the early 1990's, Wang, the predecessor to Getronics, negotiated for license agreements with Samsung Electronics Co., Ltd. ("Samsung"); Goldstar Electron Co., Ltd. ("Goldstar"); and Hyundai Electronics Industries Co., Ltd. ("Hyundai"). Hyundai later changed its name to Hynix Semiconductor, Inc. ("Hynix"), Defendant herein. Hynix subsequently acquired Goldstar.

2. Only the Wang-Samsung and Wang-Goldstar license agreements contained provisions awarding prevailing parties costs and attorneys' fees.

3. The Wang-Hyundai agreement provided that only Wang could recover its attorneys' fees and costs in prevailing in an action to collect sums due under the license

agreement. That is to say, the Wang-Hyundai attorneys' fees clause does not run in Defendants' favor on these facts.

4. Therefore, only two of the three Defendants are entitled to press a contractual claim for attorneys' fees and costs.

5. Defendants nevertheless jointly assert a claim for all attorneys' fees and costs incurred in this matter. Simply stated, Hyundai has no contractual basis to assert such a claim, and Defendants' motion offers no reason why Hyundai should recover its attorneys' fees and costs.

6. Granting Hyundai (now Hynix) its costs and attorneys' fees would confer a benefit for which it did not bargain when it contracted with Wang and would contravene the traditional "American Rule" that each party bears its own legal costs. <u>Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co.</u>, 439 Mass. 387 (2003) (Massachusetts has adopted the "American rule" which allows successful litigants to recover their attorney's fees and expenses only in a limited class of cases.).

7. Granting Defendants their attorneys' fees and costs would also be inappropriate because Defendants fail to provide any documentation to support their claims. Defendants assert claims for approximate amounts, but they do not provide any supporting documentation to buttress their claims. As such, Plaintiff reserves the right to assert additional objections if/when Defendants file their supporting documentation regarding costs and attorneys' fees incurred.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Deny Defendants' motion for attorneys' fees and costs;

B. In the alternative, reduce Defendants' claim for attorneys' fees and costs to two-thirds of the amounts claimed;

C. In the alternative, perform the traditional lodestar review of Defendants' claims for attorneys' fees and costs; and

D. Grant such additional and further relief as the Court deems necessary and just.

Respectfully submitted,

GETRONICSWANG CO., LLC

By its attorneys,

SHEEHAN PHINNEY BASS + GREEN, PA

Date:  June 27, 2006            /s/ Michael C. Harvell_____
                                Michael C. Harvell (Pro Hac Vice)
                                One Boston Place, 38th Floor
                                Boston, MA 02108
                                (617) 897-5600

Date: June 27, 2006             /s/ Maria Recalde_____
                                Maria Recalde, (BBO# 552831)
                                One Boston Place, 38th Floor
                                Boston, MA 02108
                                (617) 897-5600

**CERTIFICATE OF SERVICE**

I, Maria E. Recalde, hereby certify that the foregoing objection to Defendants' motion for attorneys' fees and costs was served on Robert P. Sherman, Esq. and Bruce S. Barnett, Esq., DLA Piper Rudnick Gray Cary LLP, One International Place, Boston, Massachusetts 02110, robert.sherman@dlapiper.com and bruce.barnett@dlapiper.com through Electronic Case Filing, this 27th day of June, 2006.

/s/ Maria E. Recalde_____
Maria E. Recalde